UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SCOTT RODGERS,<br>    Plaintiff<br><br>v.<br><br>CORRECTION OFFICER ORCHID,<br>UNKNOWN CORRECTION OFFICER JOHN<br>DOE, JOE WHITMORE, DR. HOWARD, JOHN<br>SMITH, PLYMOUTH COUNTY<br>    Defendants | )<br>)<br>)<br>)<br>)<br>)   C.A. No. 04-CV-11842-PBS<br>)<br>)<br>)<br>)<br>)<br>) |

## COLLECTIVE ANSWER TO COMPLAINT

For Answer to Plaintiffs' Complaint, the Defendants, John P. Riordan, Timothy McMullen and Peter G. Asiaf, in their capacity as County Commissioners of the County of Plymouth, admit, deny and allege as follows:

### Introductory Statement

1.    The Defendants deny the allegations contained in Paragraph 1;

### JURISDICTION

2.    The Defendants are without sufficient knowledge to either admit or deny the allegations contained in Paragraph 2;

### PARTIES

3.    The Defendants are without sufficient knowledge to either admit or deny the allegations contained in Paragraph 3;

4.    The Defendants are without sufficient knowledge to either admit or deny the allegations contained in Paragraph 4;

5.    The Defendants are without sufficient knowledge to either admit or deny the allegations contained in Paragraph 5;

6.    The Defendants are without sufficient knowledge to either admit or deny the allegations contained in Paragraph 6;

7.    The Defendants are without sufficient knowledge to either admit or deny the allegations contained in Paragraph 7;

8.    The Defendants are without sufficient knowledge to either admit or deny the allegations contained in Paragraph 8;

9.    The Defendants admit the allegations contained in Paragraph 9;

## FACTUAL ALLEGATIONS

10.    The Defendants are without sufficient knowledge to either admit or deny the allegations contained in Paragraph 10;

11.    The Defendants are without sufficient knowledge to either admit or deny the allegations contained in Paragraph 11;

12.    The Defendants are without sufficient knowledge to either admit or deny the allegations contained in Paragraph 12;

13.    The Defendants are without sufficient knowledge to either admit or deny the allegations contained in Paragraph 13;

14.    The Defendants are without sufficient knowledge to either admit or deny the allegations contained in Paragraph 14;

15.    The Defendants are without sufficient knowledge to either admit or deny the allegations contained in Paragraph 15;

16.    The Defendants are without sufficient knowledge to either admit or deny the allegations contained in Paragraph 16;

17.    The Defendants are without sufficient knowledge to either admit or deny the allegations contained in Paragraph 17;

18.    The Defendants are without sufficient knowledge to either admit or deny the allegations contained in Paragraph 18;

19.    The Defendants are without sufficient knowledge to either admit or deny the allegations contained in Paragraph 19;

20.    The Defendants are without sufficient knowledge to either admit or deny the allegations contained in Paragraph 20;

21.    The Defendants are without sufficient knowledge to either admit or deny the allegations contained in Paragraph 21;

22.    The Defendants are without sufficient knowledge to either admit or deny the allegations contained in Paragraph 22;

23.    The Defendants are without sufficient knowledge to either admit or deny the allegations contained in Paragraph 23;

24.    The Defendants are without sufficient knowledge to either admit or deny the allegations contained in Paragraph 24;

## COUNT 1

## VIOLATION OF M.G.L. c. 258

25.    The Defendants restate and reaffirm their Answer to Paragraphs 1 through 24 as if fully set forth herein.

26.    The Defendants are without sufficient knowledge to either admit or deny the allegations contained in Paragraph 26.

27.   The Defendants are without sufficient knowledge to either admit or deny the allegations contained in Paragraph 27.

28.   The Defendants deny the allegations contained in Paragraph 28.

29.   The Defendants deny the allegations contained in Paragraph 29.

## COUNT II

### VIOLATION OF 42 U.S.C. SECTION 1983 BY ALL INDIVIDUAL DEFENDANTS

30.   The Defendants restate and reaffirm their Answer to Paragraphs 1 through 29 as if fully set forth herein.

31.   The Defendants deny the allegations contained in Paragraph 31.

## COUNT III

### VIOLATION OF 42 U.S.C.SEC.1983 BY DEFENDANT PLYMOUTH COUNTY

32.   The Defendants restate and reaffirm their Answer to Paragraphs 1 through 31 as if fully set forth herein.

33.   The Defendants deny the allegations contained in Paragraph 33 (a-d).

## COUNT IV

34.   The Defendants restate and reaffirm their Answer to Paragraphs 1 through 33 as if fully set forth herein.

35.   The Defendants deny the allegations contained in Paragraph 35.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against Defendants upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The alleged claims are barred by the Eleventh Amendment to the Constitution of the United States.

### THIRD AFFIRMATIVE DEFENSE

The alleged actions or omissions, if any, occurred or were taken in good faith.

## FOURTH AFFIRMATIVE DEFENSE

The alleged actions or omissions, if any, were matters of discretion lawfully exercised.

## FIFTH AFFIRMATIVE DEFENSE

The claims alleged are barred by the doctrine of immunity.

## SIXTH AFFIRMATIVE DEFENSE

The claims alleged are barred by the doctrine of qualified immunity.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs seek to impose liability on this defendant for the alleged acts or omissions of others for whose conduct these defendants are not legally responsible.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate their alleged damages.

## NINTH AFFIRMATIVE DEFENSE

Under the Paratt-Hudson doctrine, plaintiffs have failed to state claims upon which relief can be granted.

## TENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred by the application of the Paratt-Hudson doctrine.

## RELIEF REQUESTED

WHEREFORE, defendants Plymouth County Commissioners request the court to dismiss the complaint and to enter judgment on each count in their favor and against the Plaintiff.

## JURY CLAIM

The Defendants hereby demand a trial by jury on all issues so triable.

The Defendant,
Plymouth County,
By its attorney,


Dated: January 10, 2005.        *Mark C. Gildea*

Mark C. Gildea            BBO# 551127
Clark, Balboni & Gildea, LLP
126 Belmont Street
Brockton, MA  02301
Tel. 508.586.1411


## CERTIFICATE OF SERVICE

I, Mark C. Gildea, Esq., hereby certify that I have this 10th day of January, 2005 served a copy of the foregoing COLLECTIVE ANSWER AND JURY DEMAND upon the Plaintiff by mailing same, postage prepaid, to the following:

Jessica D. Hedges, Esq.
Stephen Hrones, Esq.
HRONES & GARRITY
Lewis Wharf-Bay 232
Boston, MA 02110-3927


*Mark C. Gildea*
Mark C. Gildea