UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS



C.A. #04-11842 PBS

| | |
|---|---|
| SCOTT RODGERS,<br>                 Plaintiff<br>v.<br>CORRECTION OFFICER ORCHID,<br>UNKNOWN CORRECTION<br>OFFICER JOHN DOE, JOE WHITMORE,<br>DR. HOWARD, JOHN SMITH,<br>PLYMOUTH COUNTY,<br>                 Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

DEFENDANTS, CORRECTION OFFICER ORCHID,
UNKNOWN CORRECTION OFFICER JOHN DOE,
JOE WHITMORE, DR. HOWARD, JOHN SMITH'S
ANSWER TO PLAINTIFF'S COMPLAINT

*NOW COME* the Defendants, Correction Officer Orchid, Unknown Correction Officer John Doe, Joe Whitmore, Dr. Howard, John Smith and Answer the Plaintiff's Complaint as follows:

INTRODUCTION

1. The Defendants deny the allegations contained in Paragraph 1 of the Plaintiff's Complaint.

JURISDICTION

2. The Defendants admit the allegations contained in Paragraph 2 of the Plaintiff's Complaint.

## PARTIES

3. Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph 3 of the Plaintiff's Complaint.

4. Defendants admit the allegations contained in Paragraph 4 of the Plaintiff's Complaint as to Correction Officer Judy Orcutt was employed at the Plymouth County House of Correction at times relevant to Plaintiff's Complaint.

5. Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph 5 of the Plaintiff's Complaint.

6. Defendants admit the allegations contained in Paragraph 6 of the Plaintiff's Complaint as to Joe Whitmore was a medical employee at the Plymouth County House of Correction at times relevant to Plaintiff's Complaint.

7. Defendants admit the allegations contained in Paragraph 7 of the Plaintiff's Complaint as to Dr. Howard was a medical employee at the Plymouth County House of Correction at times relevant to Plaintiff's Complaint.

8. Defendants admit the allegations contained in Paragraph 8 of the Plaintiff's Complaint as to John Smith was a medical employee at the Plymouth County House of Correction at times relevant to Plaintiff's Complaint.

9. Defendants admit the allegations contained in Paragraph 9 of the Plaintiff's Complaint.

## FACTUAL ALLEGATIONS

10. Defendants admit the allegations contained in Paragraph 10 of the Plaintiff's Complaint.

11. Defendants deny the allegations contained in Paragraph 11 of the Plaintiff's Complaint.

12. Defendants deny the allegations contained in Paragraph 12 of the Plaintiff's Complaint.

13. Defendants deny the allegations contained in Paragraph 13 of the Plaintiff's Complaint.

14. Defendants deny the allegations contained in Paragraph 14 of the Plaintiff's Complaint.

15. Defendants deny the allegations contained in Paragraph 15 of the Plaintiff's Complaint.

16. Defendants deny the allegations contained in Paragraph 16 of the Plaintiff's Complaint.

17. Defendants deny the allegations contained in Paragraph 17 of the Plaintiff's Complaint.

18. Defendants deny the allegations contained in Paragraph 18 of the Plaintiff's Complaint.

19. Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph 19 of the Plaintiff's Complaint.

20. Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph 20 of the Plaintiff's Complaint.

21. Defendants are without sufficient knowledge to admit or deny the allegations as to what an attending doctor at the hospital said, as contained in Paragraph 21 of the Plaintiff's Complaint.

22. Defendants deny the allegations contained in Paragraph 22 of the Plaintiff's Complaint.

23. Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph 23 of the Plaintiff's Complaint.

24. Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph 24 of the Plaintiff's Complaint.

## COUNT I.

25. Defendants restate and reaffirm responses to Paragraphs 1 through 24 above and incorporate them herein as Paragraph 25.

26. Defendants deny the allegations contained in Paragraph 26 of the Plaintiff's Complaint.

27. Defendants deny the allegations contained in Paragraph 27 of the Plaintiff's Complaint.

28. Defendants deny the allegations contained in Paragraph 28 of the Plaintiff's Complaint.

29. Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph 29 of the Plaintiff's Complaint.

## COUNT II.

30. Defendants restate and reaffirm responses to Paragraphs 1 through 29 above and incorporate them herein as Paragraph 30.

31. Defendants deny the allegations contained in Paragraph 31 of the Plaintiff's Complaint.

## COUNT III.

32. Defendants restate and reaffirm responses to Paragraphs 1 through 31 above and incorporate them herein as Paragraph 32.

33. Defendants deny the allegations contained in Paragraph 33 of the Plaintiff's Complaint.

## COUNT IV.

34. Defendants restate and reaffirm responses to Paragraphs 1 through 33 above and incorporate them herein as Paragraph 34.

35. Defendants deny the allegations contained in Paragraph 35 of the Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

### *FIRST DEFENSE*

The Complaint fails to state a claim upon which relief can be granted.

### *SECOND DEFENSE*

Plaintiff's claims are barred by the applicable statute of limitations.

### *THIRD DEFENSE*

Plaintiff's recovery is barred or subject to diminution pursuant to comparative negligence principles as set forth in G.L. c. 231, sec. 85.

## FOURTH DEFENSE

Plaintiff's claim is barred by failure to comply with the notice presentment provisions of G.L. c. 258, sec. 4.

## FIFTH DEFENSE

Any injury or damages suffered by the plaintiff, to the extent actually incurred, were caused by reason of the plaintiff's own wrongful acts, reckless misconduct or negligence.

## SIXTH DEFENSE

The defendant is immune from liability pursuant to G.L. c. 258, sec. 10.

## SEVENTH DEFENSE

The defendant says that this action consists of a claim based upon the performance or failure to perform a discretionary function or duty on the part of a public employer or public employee acting within the scope of office or employment, and, therefore, the plaintiff cannot recover in this action.

## EIGHTH DEFENSE

The defendant's actions, to the extent they occurred as alleged, are immune from suit as they were discretionary functions.

## NINTH DEFENSE

The plaintiff is barred by G.L. c. 258, sec. 4 from bringing such a claim.

## TENTH DEFENSE

The Plaintiff fails to avail himself of all available administrative means of redress prior to bringing this action.

DEFENDANTS CLAIM A TRIAL BY JURY ON ALL COUNTS.

                              Respectfully submitted,
                              Defendants, Correction Officer Orcutt,
                              Unknown Correction Officer John Doe,
                              Joe Whitmore, Dr. Howard and John Smith
                              By Their Attorney:

                              _____
                              Patrick C. Lee
                              General Counsel
                              Plymouth County Sheriff's Department
                              24 Long Pond Road
                              Plymouth, MA  02360
                              (508) 830-6287
                              B.B.O. #634980

DATED:  February 28, 2005

## CERTIFICATE OF SERVICE

I, Patrick C. Lee, General Counsel for Plymouth County Sheriff's Department, certify that on this 28th day of February, 2005, I mailed a copy of this pleading, postage prepaid to the Plaintiff as follows:

Attorney Jessica D. Hedges
Hrones & Garrity
Lewis Wharf – Bay 232
Boston, MA  02110

Signed under the pains and penalties of perjury.

                              _____
                              Patrick Lee, General Counsel