UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SCOTT RODGERS,<br>　　　　　　　　Plaintiff,<br><br>v.<br><br>CORRECTION OFFICER ORCUTT,<br>UNKNOWN CORRECTION OFFICER<br>JOHN DOE, JOE WHITMORE, DR.<br>HOWARD, JOHN SMITH and<br>PLYMOUTH COUNTY,<br>　　　　　　　　Defendants. | CIVIL ACTION NO. 04-11842-PBS |

**DEFENDANTS JUDITH ORCUTT, JOSEPH WHITMORE AND
JOHN SMITH'S STATEMENT OF UNDISPUTED FACTS
IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

1.　　On and around August 25, 2001 Plaintiff Scott Rodgers was an inmate in the custody of the Plymouth County Sheriff's Department at the Plymouth County Correctional Facility ("PCCF").

2.　　Judith Orcutt is a corrections officer employed by the County of Plymouth who worked the 11:00 p.m. to 7:00 a.m. shift in the Delta North 3 cell block at PCCF beginning on August 25, 2001. Orcutt depo., page 21.

3.　　Joseph Whitmore is a nurse who was employed by the County of Plymouth and was working at PCCF on August 26, 2001.

4.　　John Smith is a nurse who was employed by the County of Plymouth as a medical officer at PCCF in August 2001.

{K0329746.1}

1

5. The Plaintiff alleges that on days prior to August 25, 2001, he had complained to unidentified "jail medical staff" of "an upset stomach." He attributes his stomach upset to ingestion of pain medication (Naprosyn) which co-defendant Dr. Howard prescribed for him in response to his complaints of knee pain. Complaint, para. 11.

6. The Plaintiff testified that at or after 11:00 p.m. on August 25, 2001 and vomited into a toilet in his cell. Rodgers depo., pp. 90-91.

7. The Plaintiff testified that at around 2:00 a.m. on August 26, 2001, he conferred with a cellmate concerning the appearance of his vomit and came to suspect that there was blood in his vomit. Rodgers depo., pp. 91-94.

8. The Plaintiff claims that he reported his vomiting to an unidentified male corrections officer who is not a party to this motion, sometime after his 2:00 a.m. Rodgers depo., p. 96-98.

9. The Plaintiff claims that he spoke with Orcutt on two occasions during the early morning hours of August 26, 2001. Rodgers depo., p. 102.

10. When the Plaintiff asked Orcutt to speak with him, she came to the cell door and listened to him. Rodgers depo., pp. 99-100, 102-104, 107.

11. The Plaintiff claims that he told Orcutt that he was sick and had vomited. Rodgers depo., pp. 102-103.

12. The Plaintiff claims that Orcutt allegedly stated that she would call the nurse on duty, and that she subsequently informed the Plaintiff, within an hour of this first alleged discussion, that she had done so. Rodgers depo., pp. 102, 104-105.

13. The Plaintiff alleges that when Orcutt allegedly spoke with him on the second occasion, she told him that she had called medical services for him and agreed to do so a second time. Rodgers depo., pp. 104-106.

14. The Plaintiff does not know whether Orcutt called prison medical staff for him as she allegedly stated she had done. Rodgers depo., pp. 105-106.

15. The Plaintiff was able to walk form his cell to a common area for distribution of medicine by Whitmore at 9:00 a.m. the morning of August 26, 2001. Rodgers depo., p. 108.

16. To Whitmore's observation, the Plaintiff had a "healthy" appearance and looked "ok." Whitmore depo., p. 49

17. The Plaintiff alleges that Whitmore said that he was likely suffering from food poisoning and gave him Maalox to calm his stomach. Rodgers depo., pp. 105-106.

18. The afternoon of August 26, 2001, the Plaintiff reported to the infirmary where he complained to Whitmore of stomach upset. Rodgers depo., p. 112.

19. The Plaintiff walked into the infirmary alone and on his own strength. Whitmore depo., pp. 47-48.

20. When the Plaintiff entered the infirmary Whitmore observed that he looked "pale and sweaty and sick, uncomfortable." Whitmore depo., p. 49.

21. Whitmore took the Plaintiff's vital signs and determined that the Plaintiff had low blood pressure and a high pulse. Whitmore depo., p. 47.

22. Based on his observation of the Plaintiff's changed appearance and alarming vital signs, Whitmore acted immediately to transport Plaintiff to Jordan Hospital for

examination and treatment. Rodgers depo., pp. 112-113; Whitmore depo., p. 47.

23.   The Plaintiff alleges that Whitmore spoke with him after he was treated at Jordan Hospital and said that he had not known on the morning of August 26, 2001 that the Plaintiff was seriously in need of medical assistance. Rodgers depo., pp. 110-113.

24.   The Plaintiff testified that he believes that Whitmore did not know of any serious medical need of his before he was seen in the infirmary the afternoon of August 26, 2001. See Rodgers depo., p. 111.

25.   The Plaintiff does not contend that Whitmore knew on the morning of August 26 that he was very sick but decided not to help him. Rodgers depo., p. 111.

26.   Orcutt did not threaten, intimidate or coerce the Plaintiff. Rodgers depo., pp. 174-175.

27.   Whitmore did not threaten, intimidate or coerce the Plaintiff. Rodgers depo., pp. 174-175.

28.   Smith did not threaten, intimidate or coerce the Plaintiff. Rodgers depo., pp. 174-175.

29.   The Plaintiff never spoke with Smith. Rodgers depo., p. 175.

The Defendants,
CORRECTION OFFICER ORCUTT,
JOSEPH WHITMORE and JOHN SMITH,
By their attorney,

/s/ William P. Breen, Jr.
William P. Breen, Jr., BBO No. 558768
Eckert Seamans Cherin & Mellott, LLC
One International Place, 18th Floor
Boston, MA 02110
Telephone:    (617 342-6887
Fax:          (617) 342-6899

Dated: August 18, 2006

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on July 28, 2006.

/s/ William P. Breen, Jr.

{K0329746.1}

5