UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
SCOTT RODGERS,            ) C.A. No. 04-11842-PBS
    Plaintiff              )
v.                        )
                          )
CORRECTIONS OFFICER JUDITH ORCUTT,   ) **PROPOSED AMENDED COMPLAINT**
UNKNOWN CORRECTIONS OFFICERS,        )
JOE WHITMORE, DR. JOHN HOWARD,       )
and PLYMOUTH COUNTY                  )
    Defendants             )
_____)

## INTRODUCTION

    1. This is an action for money damages alleging the violation of Plaintiff's constitutional rights pursuant to 42 U.S.C. §1983, and negligence pursuant to M.G.L. c. 258. Plaintiff Scott Rodgers alleges that, while an inmate at Plymouth County House of Corrections, Defendants Whitmore and Howard provided medication to him in a manner that caused him injury and failed to properly or timely treat him when he complained of serious medical symptoms. Plaintiff further alleges that his injuries were the result of the Defendant Correction Officers' failure to respond to his repeated pleas for access to medical care, in violation of the Eighth and Fourteenth Amendments to the United States Constitution, the Massachusetts Civil Rights Act, the Massachusetts Tort Claims Act, M.G.L. c. 258, §4, and the common law. Plaintiff further alleges that the Defendant Plymouth County had a custom and policy of deliberate indifference to the rights of inmates incarcerated at the Plymouth County House of Corrections, and that Plymouth County was negligent in hiring, retaining, and not properly supervising Defendant Unknown Correction Officers and Defendants Orcutt and Whitmore.

1

## JURISDICTION

2. Jurisdiction is based upon 28 U.S.C. §§1331 and 1343, and on the pendent jurisdiction of this Court to entertain claims arising under state law.

## PARTIES

3. Plaintiff Scott Rodgers is a resident of Plymouth and the Commonwealth of Massachusetts.

4. Defendant Orcutt was a duly appointed correction officer employed by the Plymouth House of Corrections at all times relevant to this Complaint and is sued in her individual capacity as a corrections officer for the Plymouth County House of Corrections.

5. Defendant Unknown Corrections Officers were duly appointed correction officers employed by the Plymouth House of Corrections at all times relevant to this Complaint and are sued in their individual capacity as a corrections officer for the Plymouth County House of Corrections.

6. Defendant Joe Whitmore was a Nurse at the Plymouth House of Corrections at all times relevant to this Complaint and is sued in his individual capacity as a Nurse in the Medical Department of the Defendant Plymouth House of Corrections.

7. Defendant John Howard was a Doctor at the Plymouth House of Corrections and is sued in his individual capacity

8. Defendant Plymouth County is a duly designated county in the Commonwealth of Massachusetts.

## FACTUAL ALLEGATIONS

9. In August, 2001, Plaintiff was an inmate as the Plymouth County House of Corrections in Plymouth County, Massachusetts.

10. On August 25, 2001, at approximately 11:00 p.m., Plaintiff began to feel dizzy and to vomit blood. For days preceding this episode, he had been complaining to jail medical staff of an upset stomach. He indicated that he thought the cause of his stomach ache might be the medication he was given related to a knee problem, Naprosyn.

11. When Plaintiff began vomiting, he immediately pressed the button to call a corrections officer. No one responded. As a result, Plaintiff continued to throw up blood in his cell throughout the night.

12. The next morning, Plaintiff finally got the attention of defendant corrections officer Orcutt while she was on her rounds. She indicated that she would contact medical services.

13. Shortly after the Plaintiff made his request to defendant Orcutt, she returned and said that the medical staff would see him during medical rounds, many hours later. Plaintiff indicated that he needed immediate care as he was vomiting blood, but defendant Orcutt walked away.

14. Later that morning, Plaintiff told defendant Unknown Correction Officer "John Doe" that he needed a doctor and that he had been vomiting blood all night. The defendant Unknown Correction Officer "John Doe" responded that Plaintiff needed to "get away" because Unknown Correction Officer "John Doe" did not want to contract Plaintiff's sickness.

15. Finally, a nurse, Joe Whitmore, came and told Plaintiff that he had food poisoning and gave him Maalox. Plaintiff requested to see a doctor; however, no doctor was provided. Plaintiff continued to vomit blood all morning.

16. At 1:00 p.m. on August 26, 2001, when finally allowed to exit his cell, Plaintiff went to the defendant Unknown Corrections Officer "John Doe's" desk. Plaintiff collapsed near the desk. Defendant Unknown Corrections Officer "John Doe" told Plaintiff that he needed to "get the fuck up" if he wanted to be seen by medical services. Plaintiff was able to lift himself off the

floor, but had to hold onto walls to keep from falling. When he arrived at medical services, he was told by the nurse that there was no doctor on duty.

17. Defendant Nurse Whitmore took Plaintiff's blood pressure. After taking his blood pressure, the Defendant ran into the other room to make a phone call. Plaintiff was immediately rushed to the hospital.

18. The admitting Doctor found the Plaintiff positive for black stools, abdominal pain, dizziness, and vomiting. A tube was placed in Plaintiff's stomach.

19. Plaintiff was found to have an active bleeding site in his stomach. He was transfused two units of packed red blood cells.

20. Two days after Plaintiff was admitted to the Emergency Room, while still in the hospital, the attending doctor noted that Plaintiff had been "taking a lot of Naprosyn."

21. The medical staff at Plymouth House of Corrections gave Plaintiff the Naprosyn in crushed form, every day for approximately four weeks, on an empty stomach.

22. Prior medical records suggested that the Plaintiff might have an allergy to medicines such as Naprosyn.

23. Plaintiff was treated in the Intensive Care Unit for three days. He received blood transfusions. He had two separate surgeries to his stomach. He then received continued treatment in the hospital for a week.

24. Plaintiff continues to suffer stomach disorders due to the actions and nonaction of the defendants, and continues to take medication for these disorders. He can only eat a very limited diet.

25. Plaintiff has timely complied with all statutory preconditions necessary to maintain this suit.

## COUNT I
## VIOLATION OF M.G.L. c. 258
## BY DEFENDANT PLYMOUTH COUNTY

26. Plaintiff restates and realleges paragraphs 1 through 25 and incorporates them herein as paragraph 26.

26. Defendant Whitmore was negligent in failing to provide proper medical treatment to Plaintiff.

27. Defendant Unknown Corrections Officers, Orcutt, and Whitmore were negligent in their failure to respond to Plaintiff's pleas for medical assistance.

28. Defendant Plymouth County was negligent in hiring, retaining, and not properly supervising or disciplining the defendant corrections officers and medical staff.

29. Notice of this claim was provided to the Plymouth County Commissioner's Office on August 18, 2003. An acknowledgement of receipt was sent on September 2, 2003, from Mark Gildea who represents the Plymouth County Commissioner's Office.

## COUNT II
## VIOLATION OF 42 U.S.C. SECTION 1983
## BY ALL INDIVIDUAL DEFENDANTS

30. Plaintiff restates and realleges paragraphs 1 through 29 and incorporates them herein as paragraph 30.

31. By the actions described in paragraphs 1 through 29, the individual defendants, acting under color of law, violated Plaintiff's rights under the Eighth and Fourteenth Amendments to the United States Constitution by demonstrating deliberate indifference to his clearly established right to medical care while in custody.

5

**COUNT III**
**VIOLATION OF 42 U.S.C. §1983**
**BY DEFENDANT PLYMOUTH COUNTY**

32. Plaintiff restates and realleges paragraphs 1 through 31 and incorporates them herein as paragraph 32.

33. By the actions described above in paragraphs 1 through 31, the Defendant Plymouth County has a custom and policy of deliberate indifference to the rights of its citizens:

> a. By failing to adequately train its officers and medical staff on proper responses when inmates incarcerated at the Plymouth County House of Corrections seek medical treatment or are in need of emergency assistance.
>
> b. By failing to adequately train, supervise, and discipline officers and medical staff who disregard inmates' medical needs and pleas for medical assistance.
>
> c. By tolerating a practice in which inmates seeking assistance are overlooked or disregarded by correction officers and medical staff.
>
> d. By failing to adequately investigate incidents involving corrections officers and where inmates suffer medical injury as a result of the improper medical care and failure to respond to pleas for medical assistance.

**COUNT IV**
**VIOLATION OF THE MASSACHUSETTS CIVIL RIGHTS ACT**
**BY ALL DEFENDANTS**

34. The Plaintiff reasserts paragraphs 1 thorough 33 and incorporates them herein as paragraph 34.

35. By the actions described above in paragraphs 1 though 33, the Defendants violated Plaintiff's civil rights by threats, intimidation and coercion.

**COUNT V**
**MEDICAL MALPRACTICE**
**DEFENDANT HOWARD**

36. The Plaintiff reasserts paragraphs 1 thorough 35 and incorporates them herein as paragraph 36.

37. By the actions described above in paragraphs 1 through 35, the Defendant is liable to the Plaintiff for medical malpractice because:

    a. He owed the Plaintiff a duty to exercise the care and skill of the average, qualified physician, in diagnosing, treating and caring for him while at Plymouth County House of Correction;

    b. He breached that duty by exercising substandard care;

    c. The Plaintiff suffered serious injury; and

    d. The Defendant's breach of duty was a proximate cause of that injury.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court award:

1. Compensatory damages against all Defendants jointly and severally;

2. Punitive Damages against the individual Defendants;

3. The costs of this action, including reasonable attorney's fees; and,

4. Such other and further relief as this Court may deem necessary and appropriate.

**DEMAND FOR JURY TRIAL**

A jury trial is hereby demanded.

    Respectfully Submitted,
    The Plaintiff Scott Rodgers,
    By his Attorneys

    //s// Michael Tumposky
    Stephen Hrones (BBO No. 242860)
    Jessica D. Hedges (BBO No. 645847)

                              Michael Tumposky (BBO No. 660618)
                              Hrones, Garrity & Hedges, LLP
                              Lewis Wharf-Bay 232
                              Boston, MA  02110-3927
                              T)617/ 227-4019

Dated:  September 15, 2006