UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
SCOTT RODGERS                          )   C.A. No. 04-11842-PBS
     Plaintiff,                         )
                                       )
v.                                     )
                                       )
CORRECTION OFFICER ORCUTT,             )
UNKNOWN CORRECTION OFFICER JOHN        )
DOE, JOE WHITMORE, DR. HOWARD,         )
JOHN SMITH, PLYMOUTH COUNTY            )
     Defendants.                        )
_____)

**PLAINTIFF SCOTT RODGERS' STATEMENT OF MATERIAL FACTS IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Now comes the plaintiff in the above-captioned proceeding, pursuant to L.R. 56.1, and herby submits the following statement of material facts:

1. In August, 2001, Plaintiff was an inmate at the Plymouth County Correctional Facility in Plymouth County, Massachusetts.

2. Beginning August 7, 2001, the Plaintiff was administered a drug called Naprosyn, which is a non-steroidal anti-inflammatory medicine given for arthritis. Pl. Resp. Def. Inter., Response 1, attached hereto as Exhibit A.

3. It was given in crushed form, Depo. Rodgers, Dec. 29, 2005, pgs. 48, 179-80, attached hereto as Exhibit B. Crushing medicine can cause the body to absorb all of the medicine at once. Depo. Whitmore, June 1, 2006, pg. 20, attached hereto as Exhibit C.

4. After having taken Naprosyn for only a short period of time, the Plaintiff began to complain to the nursing staff about stomach problems that he was having. Ex. B, pgs. 49, 60. The nurses, including Defendant Whitmore, repeatedly brushed the

Plaintiff off, telling him it was something minor.  Ex. B, pgs. 49, 61.

5.  The Plaintiff repeatedly informed the medical staff that he thought it was the Naprosyn that was causing him these problems.  He was told that was impossible.  Ex. B, pg. 49.

6.  On August 25, 2001, at approximately 11:00 p.m., Plaintiff began to feel dizzy and to vomit blood.  Ex. B, pgs. 50, 91.

7.  When Plaintiff began vomiting, he immediately pressed the button to call a corrections officer.  No one responded.  As a result, Plaintiff continued to throw up blood in his cell throughout the night.  Ex. A, response 1; Ex. B, pg. 50.

8.  Early the next morning, Plaintiff finally got the attention of Defendant Orcutt while she was on her rounds.  The Plaintiff told her that he was vomiting blood and needed to go to the hospital.  Ex. B, pgs. 79, 99, 105.  She asked how he knew it was blood and he explained to her what his vomit looked like.  Ex. B, pg. 106.  She indicated that she would contact medical services, but could not make medical services see him.  Ex. B, pg. 102.

9.  Shortly after the Plaintiff made his request to Defendant Orcutt, she returned and said that the medical staff would see him during medical rounds, many hours later.  Ex. A, response 1, 10.  Plaintiff said that he thought he was going to die and indicated that he needed immediate care, but Defendant Orcutt walked away.  Ex. B, pgs. 51, 52, 104.

10. When the Plaintiff was finally able to see the nurse, Defendant Joe Whitmore, he informed Whitmore that he was very sick and had been "puking up blood."  Ex. B, pg. 108.  Defendant Whitmore told the Plaintiff that he had food poisoning and

gave him Maalox.  Ex. B, pgs. 108-09.

11. Plaintiff again requested to see a doctor; however, no doctor was provided.

    Plaintiff continued to vomit blood all morning.  Ex. A, Response 1.

12. At approximately 1:00 p.m. on August 26, Plaintiff went to the Defendant

    Unknown Corrections Officer "John Doe's" desk.  Plaintiff collapsed near the

    desk.  Defendant Unknown Corrections Officer "John Doe" told Plaintiff that he

    needed to "get the fuck up" if he wanted to be seen by medical services.  Ex. B,

    pgs 53-55.

13. Defendant Nurse Whitmore took Plaintiff's blood pressure.  After his blood

    pressure was taken, Plaintiff was immediately rushed to the hospital.  Ex. B, pg.

    112.

14. The admitting Doctor found the Plaintiff positive for black stools, abdominal

    pain, dizziness, and vomiting.  He was treated in the Intensive Care Unit for three

    days and had two separate surgeries to his stomach.  Ex. A, response 2.

15. Plaintiff still suffers from stomach problems due to the actions and inactions of

    the Defendants, and continues to take medication for these disorders.  Ex. A,

    response 2.

> Respectfully submitted,
> The Plaintiff Scott Rodgers,
> By his attorneys,
>
> //s// Michael Tumposky_____
> Stephen Hrones (BBO No. 242860)
> Jessica D Hedges (BBO No. 645847)
> Michael Tumposky (BBO No. 660618)
> HRONES GARRITY & HEDGES LLP
> Lewis Wharf-Bay 232
> Boston, MA 02110-3927
> T) 617/227-4019

DATED: September 18, 2006

**CERTIFICATE OF SERVICE**

I, Michael Tumposky, hereby certify that on this 18th day of September, 2006, I served a true and correct copy of the foregoing PLAINTIFF SCOTT RODGERS' STATEMENT OF MATERIAL FACTS IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT where unable to do so electronically, via United States First-Class Mail, to all counsel of record in this matter.
.

//s//Michael Tumposky____
Michael Tumposky