UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SCOTT RODGERS )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>CORRECTION OFFICER ORCHID, )<br>UNKNOWN CORRECTION OFFICER JOHN )<br>DOE, JOE WHITMORE, DR. HOWARD, )<br>JOHN SMITH, PLYMOUTH COUNTY )<br>    Defendants. )<br>) | C.A. No. 04-11842-PBS |

**PLAINTIFF SCOTT RODGERS' RESPONSES TO
DEFENDANTS' FIRST SET OF INTERROGATORIES**

**INTERROGATORY NO. 1:** Describe in full detail how the incident which forms the basis of your lawsuit occurred without limitation, including the sequence of acts and events, the precise location of each act and event, and what you did and everything that happened to you during and following this event.

**RESPONSE TO INTERROGATORY NO. 1:**

    The Plaintiff objects to this interrogatory on the grounds that it is overly broad. Without waiving the objection, the Plaintiff states that each of the above issues is addressed in his Complaint.

**INTERROGATORY NO. 2:** Identify and describe in full and complete detail any and every injury or damage of any type you claim to have sustained as a result of the incidents alleged in your Complaint.

**RESPONSE TO INTERROGATORY NO. 2:**

    The Plaintiff objects to this interrogatory on the grounds that it is overly broad. Without waiving the objection, the Plaintiff states that he suffered from black stools, abdominal pain, dizziness, vomiting, active bleeding in his stomach.
    Furthermore, Plaintiff was treated in intensive care for three days. He has had two separate surgeries to his stomach. He was then treated in the hospital for a week.
    Moreover, Plaintiff was permanently damaged by the manner in which Naprosin was given to him and by the Defendants' failure to respond to his pleas for help. He continues to suffer stomach disorders due to the incident, and continues to take medication for these disorders. To this day, he can only eat a limited diet. This incident and these injuries have also caused him serious emotional distress

**INTERROGATORY NO. 3:**  State the name and address of all persons known to you or your attorney who witnessed the incidents alleged in your Complaint.

**RESPONSE TO INTERROGATORY NO. 3:**

This information has previously been provided in the Plaintiff's Automatic Disclosures. Plaintiff further states that Corrections Officer Danny Miton may have witnessed some of the incidents alleged in the Plaintiff's complaint.

**INTERROGATORY NO. 4:**  State the name and current address of each person having personal knowledge of any of the facts, events, occurrences and/or allegations contained in your Complaint.

**RESPONSE TO INTERROGATORY NO. 4:**

See Response 3.  To the extent that such information has not been provided, it is already in the Defendants' possession.

**INTERROGATORY NO. 5:**  For each employer for whom you worked since age 16, please state the name and address of each such employer, the dates worked for each such employer, the nature of the work done for each such employer, and the hourly/yearly earnings for each such employer.

**RESPONSE TO INTERROGATORY NO. 5:**

The Plaintiff objects to this interrogatory on the grounds that it is not likely to lead to the discovery of admissible evidence since the Plaintiff is not claiming lost wages.

**INTERROGATORY NO. 6:**  For each and every oral or written statement made by any one of the Defendants relative to the facts or incidents alleged in your Complaint of which you or your attorney are aware, state in full and complete detail each and every such statement, including in your answer, the name of the person making the statement, the date, time and place the statement was made, and the name and address of each and every person present when such statement was made.

**RESPONSE TO INTERROGATORY NO. 6:**

The Plaintiff objects to this Interrogatory on the grounds that it is overly broad and overly burdensome.  Without waiving the objection, the Plaintiff refers to his Automatic Disclosure.

**INTERROGATORY NO. 7:**  For each school or education institution or program you have ever attended, state the name of the school or program, address, and dates of attendance and degree earned.

**RESPONSE TO INTERROGATORY NO. 7:**

The Plaintiff will supplement this Response.

**INTERROGATORY NO. 8:** State whether you have ever been convicted of a crime and for each such crime state:

    a. The crime you were convicted of;

    b. The court in which you were convicted;

    c. The sentence imposed on you by the court;

    d. The date of conviction; and

    e. Every correctional facility or institution in which you awaited trial or were a prisoner, including the dates of each incarceration at those facilities or institutions.

**RESPONSE TO INTERROGATORY NO. 8:**

    The Plaintiff objects to this Interrogatory on the grounds that it is overly broad and not likely to lead to the discovery of admissible evidence. Without waiving the objection, the Plaintiff states that on December 15, 2000, he was convicted in Plymouth District Court for Larceny from a Building, and sentenced to 18 months, suspended. On that same date, he was convicted and sentenced concurrently for breaking and entering.
    On November 11, 1996, the Plaintiff was convicted in Quincy District Court for violation of the Abuse Prevention Act, and sentenced to one year with three months to serve and the balance suspended.
    On June 3, 1996, the Plaintiff was convicted in Quincy District Court of Assault with a Dangerous Weapon, and sentenced to four months suspended. On that same date, he was convicted and sentenced concurrently for simple assault and battery.

**INTERROGATORY NO. 9:** If you have ever, prior to this lawsuit, filed a complaint, charge or other complaint asserting alleged misconduct by police or correctional officers, state the names of the persons charged, the date and place the complaint was made, the misconduct alleged in this complaint, and the result.

**RESPONSE TO INTERROGATORY NO. 9:**

    The Plaintiff states that he has never filed any such claim.

**INTERROGATORY NO. 10:** State whether you or your agents have had any communications with any member of the Plymouth County Correctional Facility or the Plymouth County Sheriff's Department relating or referring to the incident alleged in your Complaint, and if so, for each communication, state:

    a. Each and every form of communication;

    b. The date and time of that communication;

    c. The place where this communication took place;

      d. The name of any witness to the communication; and

      e. The substance of that communication.

**RESPONSE TO INTERROGATORY NO. 10:**

      The Plaintiff objects to this Interrogatory on the grounds that it is overly broad. Without waiving the objection, the Plaintiff refers to his Complaint.

**INTERROGATORY NO. 11:** Identify if you have ever been a party to a civil suit, either as a Plaintiff or Defendant. If your answer is in the affirmative, please state name of case, docket number, location, parties involved, issues and result of the case.

**RESPONSE TO INTERROGATORY NO. 11:**

      The Plaintiff states that he has never been party to a civil suit prior to this one.

**INTERROGATORY NO. 12:** Identify all witnesses you intend to introduce at the trial of this matter and the subject matter they will testify to.

**RESPONSE TO INTERROGATORY NO. 12:**

      Plaintiff has not yet determined which witnesses he will call at trial but will supplement this Response.

**INTERROGATORY NO. 13:** Identify your health history including conditions, ailments, *etc.,* prior to and after August 1996.

**RESPONSE TO INTERROGATORY NO. 13:**

      The Plaintiff objects to this request on the grounds that it is overly broad and seeks privileged medical information. Without waiving the objection, the Plaintiff refers to the medical records produced in his Automatic Disclosure and those attached to his Responses to the Defendants Requests for Documents as Exhibit A. To the extent there are further records, Plaintiff will supplement this Response.

**INTERROGATORY NO. 14:** Identify all medical professional you have treated with including names, addresses and specialty including, but not limited to treatment, tests, exams, procedures, *etc.,* from August 1996 to the present.

**RESPONSE TO INTERROGATORY NO. 14:**

      See Response 13.

**INTERROGATORY NO. 15:** Identify all P.C.C.F. officials you allege knew there were problems that existed with your health while you were at Plymouth County Correctional Facility. State how you determine each official actually knew a substantial risk of harm to you existed, the date, time and place of any conversations, and witnesses to such conversations.

4

**RESPONSE TO INTERROGATORY NO. 15:**

The Plaintiff states that each of the above issues is addressed in his Complaint

SIGNED AND SWORN TO UNDER THE PAINS OF PENALTIES OF PERJURY THIS ____DAY OF OCTOBER, 2005, AT _____, _____ COUNTY, MASSACHUSETTS.                                   (City)           (County)

                                          Scott Rodgers, Plaintiff,

                                          //s// Scott Rodgers_____

Signed as to objections:       _____
                                          Stephen Hrones (BBO No. 242860)
                                          Jessica D Hedges (BBO No. 645847)
                                          HRONES GARRITY & HEDGES LLP
                                          Lewis Wharf–Bay 232
                                          Boston, MA 02110-3927
                                          T) 617/227-4019

**CERTIFICATE OF SERVICE**

I, Michael Tumposky, hereby certify that on this ____ day of October, 2005, I served a true and correct copy of the foregoing PLAINTIFF SCOTT RODGERS' RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES, via United States First-Class Mail, postage prepaid, as follows: Patrick C Lee, Gen'l Counsl, Plymouth Cy Sherffs Dept, 24 Long Pond Rd, Plymouth, MA 02360.

                                          _____
                                          Michael Tumposky