UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SCOTT RODGERS )<br>    Plaintiff, )<br> )<br>v. )<br> )<br>CORRECTION OFFICER ORCHID, )<br>UNKNOWN CORRECTION OFFICER JOHN )<br>DOE, JOE WHITMORE, DR. HOWARD, )<br>JOHN SMITH, PLYMOUTH COUNTY )<br>    Defendants. )<br>  ) | C.A. No. 04-11842-PBS |

**PLAINTIFF RODGERS' OPPOSITION TO THE DEFENDANTS ORCHID AND WHITMORE'S MOTION FOR SUMMARY JUDGMENT**

The Plaintiff opposes the summary judgment motion of the Defendants Orchid[1] and Whitmore on the grounds that material issues of fact are still in dispute which must be decided by a jury. The Plaintiff hereby incorporates his statement of disputed material facts filed contemporaneously with the instant memorandum.

**PROCEDURAL BACKGROUND**

The Plaintiff filed a suit, pursuant to §1983 and related state law, against Plymouth County, Corrections Officers Orchid, Whitmore and Smith, as well as Dr. John Howard, for injuries suffered while the Plaintiff was a prisoner at the Plymouth County Correctional Facility. After discovery, the Plaintiff stipulated to the dismissal of Defendant Smith.

Defendants Orchid, Whitmore and Howard[2] moved for summary judgment on all claims. Defendant Plymouth County has not moved for summary judgment on either the §1983 or M.G.L. ch. 258 claim.

---

[1] The Plaintiff has filed a proposed amended complaint which correctly spells Orchid's name as Orcutt.
[2] The Plaintiff does not oppose Defendant Howard's motion as to his §1983 claim, but asserts that he is entitled to proceed to trial on his common law medical malpractice claim against Defendant Howard. He asks that this Court

1

## **SUMMARY JUDGMENT STANDARD**

Summary judgment is required only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56. The evidence before the Court must be construed "in the light most favorable to, and drawing all reasonable inferences in favor of, the nonmoving party." Feliciano de la Cruz v. El Conquistador Resort & Country Club, 218 F.3d 1, 5 (1st Cir. 2000).

Once the moving party has served a properly supported motion asserting entitlement to summary judgment, the burden is on the non-moving party to present evidence showing the existence of a trial-worthy issue. Gulf Coast Bank & Trust Co. v. Reder, 355 F.3d 35, 39 (1st Cir. 2004), citing Anderson v. Liberty Lobby Inc., 477 U.S. 242, 248 (1986). For the purpose of summary judgment, an issue of fact is "genuine" if it "may reasonably be resolved in favor of either party." Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 581 (1st Cir. 1994) (citations omitted). "Material" facts are those which possess "the capacity to sway the outcome of the litigation under the applicable law." Nat'l Amusements v. Town of Dedham, 43 F.3d 731, 735 (1st Cir. 1995).

## **ARGUMENT**

**I.  THE DEFENDANT OFFICERS ARE NOT ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S DUE PROCESS CLAIM**

The Defendants are not entitled to summary judgment on Plaintiff's Eighth Amendment claim because disputed material issues of fact still exist as to whether the Defendants were deliberately indifferent to the Plaintiff's "patent and severe medical needs." Alsina-Ortiz v. Laboy, 400 F.3d 77, 80 (1st Cir. 2005). In defining "deliberate indifference" courts have held

---

retain jurisdiction over said claim since dismissal, even without prejudice, might bar a claim against Defendant Howard in state court due to the statute of limitations.

that "[it is] not mere negligence…" Id. at 82.  However, deliberate indifference is also "something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Farmer v. Brennan, 511 U.S. 825, 835 (1994).  As a result, courts have settled on the notion that, in order to establish "deliberate indifference," a plaintiff must only show that a defendant was reckless. Id. at 836.  In assessing whether the Defendants displayed recklessness in this case, the Court must apply a subjective test.  The Plaintiff must show that "the [Defendants] kn[ew] of and disregard[ed] an excessive risk to inmate health or safety." Id. at 837.

Not only were the Defendants in this case deliberately indifferent to the Plaintiff's medical needs, but reasonable officers in their places would have known that such actions violated the Plaintiff's clearly established Eighth Amendment right to medical treatment.  Deliberate indifference to medical needs was clearly established as a constitutional violation by, at the latest, 1994, when the Supreme Court decided Farmer, 511 U.S. at 825,[3] and more likely by 1983 when the Court decided Revere v. Mass. Gen. Hosp., 463 U.S. 239, 244 (1983).  See Consolo v. George, 58 F.3d 791, 795 (1st Cir. 1995) (addressing qualified immunity for deliberate indifference claims).  As such the Defendants are not qualifiedly immune from suit.  See Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).

### A. THE PLAINTIFF HAS OFFERED SUFFICIENT EVIDENCE THAT THE DEFENDANTS WERE DELIBERATELY INDIFFERENT TO HIS MEDICAL NEEDS

In Farmer, 511 U.S. at 835, the Supreme Court established a two-part test for claims alleging unconstitutional denial of medical care.  First, the deprivation alleged must be

---

[3] Although Farmer was the first case to precisely articulate the "deliberate indifference" standard, the Court chose the more stringent "subjective test" from the two differing methods that had been employed by the Courts of Appeals.  As a result, it acted as more of a clarification of constitutional principles, rather than an expansion of rights putting state actors on notice for qualified immunity purposes.

3

sufficiently serious. Second, the plaintiff must show that prison officials possessed a sufficiently culpable state of mind, namely one of "deliberate indifference" to an inmate's health or safety. Id. This Court must analyze "deliberate indifference" subjectively, in other words, from the Defendant's point of view. Id. at 837. However, a state-of-mind issue, such as the existence of deliberate indifference, usually presents a jury question. Torraco v. Maloney, 923 F.2d 231, 234 (1st Cir. 1991).

In the case at bar, the Plaintiff has offered sufficient evidence to satisfy both factors of the Farmer test, and thus to defeat the Defendants' motion for summary judgment. First, he has shown that he had a sufficiently serious medical condition,[4] namely an untreated ulcer and gastro-intestinal bleeding. Second, he has shown that the Defendants were aware of his condition or, at the very least, failed to confirm inferences they strongly suspected to exist, and then failed to communicate the gravity of that condition and failed to hospitalize the Plaintiff despite his obvious need for emergency medical care.

### 1. The Plaintiff had serious medical needs

It cannot be disputed that the Plaintiff has offered sufficient evidence to satisfy the first portion of the Farmer test. It is clear, even taking the evidence in a light most favorable to the Defendants, that the Plaintiff had a serious need for medical care while incarcerated at the Plymouth County Correctional Facility. The "seriousness" here is highlighted by the fact that the Defendants' failure to intervene promptly and obtain medical attention nearly resulted in the Plaintiff's death. The objective requirement is satisfied because the need for this medical care would be obvious even to lay personnel. Mahan v. Plymouth County Correctional Facility, 64 F.3d 14, 18 (1st Cir. 1995); see also Gaudreault v. Salem, 923 F.2d 203, 208 (1st Cir. 1990) (the "seriousness" of an inmate's need for medical care can be determined by reference to the effect

---

[4] The seriousness of the Plaintiff's medical condition is not in dispute.

of the delay of treatment.); Board v. Farnham, 394 F.3d 469, 481 (7th Cir. 2005) (an inmate's dental problems are an objectively serious medical need).

### 2. The Defendant officers were aware of the risk of serious harm to the Plaintiff but chose to ignore it

Although the Plaintiff bears the burden of proving the Defendants' subjective awareness of the Plaintiff's serious medical needs, this element is subject to proof by "the usual ways." Farmer, 511 U.S. at 842. Thus, the Supreme Court noted that it was permissible for courts to infer from circumstantial evidence that a prison official had the requisite knowledge. Id. at 842. Moreover, the Court warned that a prison official may "not escape liability if the evidence showed that he merely refused to verify underlying facts that he strongly suspected to be true, or declined to confirm inferences of risk that he strongly suspected to exist." Id. at 843 n.8.

The most compelling evidence in this case of the Defendants' deliberate indifference is the Plaintiff's deposition testimony. The Plaintiff testified that he began having problems with his stomach shortly after he started taking Naprosyn and that he told Defendant Whitmore and other nurses that the Naprosyn was giving him stomach problems. See P. Stmnt. Mat Facts at 2-5. The night before the Plaintiff's hospitalization, he twice told Defendant Orcutt that he was vomiting blood, that he thought he might die, and that needed emergency care. It is undisputed that Orcutt never called for an ambulance. See P. Stmnt. Mat Facts at 8, 9. The next morning, he told Defendant Whitmore that he had been vomiting blood and that he needed a doctor. Whitmore told him he had food poisoning and gave him some Maalox. See P. Stmnt. Mat Facts at 10-12; see also Steele v. Shah, 87 F.3d 1266, 1269-70 (11th Cir.1996) (deliberate indifference may be established by a showing of grossly inadequate care as well as by a decision to take an easier but less efficacious course of treatment.)

5

In Consolo, 58 F.3d at 792, a case similar to the one at bar, the defendant officers appealed from a plaintiff's verdict for violations of the right to medical care. In that case, the officers had brought the plaintiff into the police station with a fractured pelvis and subsequently took him to the hospital. On appeal, the defendants argued that they were entitled to a judgment as a matter of law or, in the alternative, that they were qualifiedly immune. Id. at 794. The court denied both requests and affirmed the judgment of the district court. Id. at 795. It found that the verdict could have been premised upon a finding that "the officers' deliberate indifference caused Consolo's medical condition to worsen, but also upon a finding that their deliberate indifference left him in pain and suffering for a longer period than would otherwise have been the case had he been afforded prompt medical attention." Id. at 794.

In the case at bar, the Defendant officers actions are much more egregious than the officers in Consolo. Unlike in Consolo, the Plaintiff in this case was suffering from a life threatening illness and had repeatedly asked to be hospitalized. Since the Defendants delayed their response until the last possible moment, the Plaintiff needlessly suffered with his injuries. Based on these facts, a jury could find that the Defendants were aware of the substantial risk of harm to the Plaintiff, yet failed to act. See Foelker v. Outagamie County, 394 F.3d 510, 513 (7th Cir. 2005) (defendants deliberately indifferent when jury could infer they were aware plaintiff had not taken his methadone, was exhibiting signs of withdrawal, and thus there was something seriously wrong); Sealock v. Colorado, 218 F.3d 1205, 1208 (10th Cir. 2000) (affirming finding of deliberate indifference where defendant failed to call ambulance despite having observed that plaintiff was sweating, vomiting and appeared very pale, and despite knowing that he had a crushing pain in his chest, had trouble breathing, and had been vomiting all night).

### B.  THE DEFENDANTS ARE NOT ENTITLED TO QUALIFIED IMMUNITY

#### 1.  The issue was waived

The Defendants waived their qualified immunity defense because they failed to raise it in their answer.  Ringuette v. City of Fall River, 146 F.3d 1, 4 (1st Cir. 1998) ("Qualified immunity is an affirmative defense…and an affirmative offense is generally lost unless it is raised in the pleadings."); Howes v. Hitchcock, 66 F. Supp. 2d 203, 209-210 (D. Mass. 1999) ("In the First Circuit, a trial court has the discretion to find a waiver [of qualified immunity] if a defendant fails to assert the defense…") (citation omitted)

#### 2.  Even if the issue was not waived, a reasonable officer would have known he was violating the Plaintiff's clearly established constitutional rights

Even if this Court does not find that the issue of qualified immunity was waived, the Defendant officers are not qualifiedly immune because 1) the facts alleged, taken in the light most favorable to the Plaintiff show the officers' conduct violated a constitutional right; (2) the right was clearly established at the time of its alleged violation; and 3) reasonable officers in the Defendants' places would have known their conduct was unconstitutional.  Kauch v. Dep't for Children, Youth and Their Families, 321 F.3d 1, 4 (1st Cir. 2003)

In analyzing whether a constitutional right has been clearly established, it is not necessary for the particular violation in question to have been previously held unlawful.  Anderson v. Creighton, 483 U.S. 635, 640 (1987); see also Mitchell v. Forsyth, 472 U.S. 511, 535 n. 12 (1985) (holding that a clearly established right does not require judicial precedent to that effect). Instead, a clearly established constitutional right exists in the absence of precedent where "the contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right." Anderson, 483 U.S. at 640.  To that extent, government officials

are considered "on notice" that conduct is violative of established law if the state of the law at the time gave them "fair warning" that their conduct would be unconstitutional. Hope v. Pelzer, 536 U.S. 730, 741 (2002).

As discussed at length above, the Defendants violated the Plaintiff's right to medical care with their deliberate indifference to his serious medical needs. See supra at 2. Furthermore, the right to medical care was clearly established long before the Defendants' violation of the Plaintiff's rights. This Circuit held in Consolo, 58 F.3d at 795, that the denial of adequate medical care was clearly established as a constitutional violation when the Supreme Court decided Revere v. Mass. Gen. Hosp., 463 U.S. 239, 244 (1983). Furthermore, the framework for analyzing claims of deliberate indifference to medical needs was clearly established when the Supreme Court decided Farmer, 511 U.S. at 825.[5] As a result, an officer should be on "fair warning" that a deliberate indifference to medical needs would be considered a constitutional violation.

Thus, the only question that remains is whether reasonable officers in the Defendants' places would have realized that their conduct violated that clearly established right. The Defendants here acted unreasonably because the evidence of Plaintiff's need for hospitalization was plain. While Defendant Orcutt claims she acted reasonably by simply referring the Plaintiff to the medical unit, the record demonstrates that such an action, even if true, was wholly inadequate. Given that the Plaintiff informed the Defendant that he had been vomiting blood for hours and that he needed to go to the hospital, the Defendant's pro forma call to the medical unit created a substantial risk of harm.

---

[5] See also Miranda v. Munoz, 770 F.2d 255, 259 (1st Cir. 1985) (it is clearly established that a prisoner's rights are violated where there is a lack of adequate medical care even when some care is offered).

8

As for Defendant Whitmore, his argument in support of qualified immunity relies on the facts taken in a light most favorable to him. In doing so, he contends that the Plaintiff appeared healthy when he first came in contact with him the morning of his hospitalization.

Taking the facts in a light most favorable to the Plaintiff, however, Defendant Whitmore acted objectively unreasonable. The record demonstrates that the Plaintiff, who had been vomiting blood all night, crawled in to the medical unit and told Defendant Whitmore that he was extremely ill and needed hospitalization. In response, the Defendant gave the Plaintiff Maalox. His failure to hospitalize the Plaintiff at that time increased the Plaintiff's suffering and increased the severity of the Plaintiff's injuries. See Garretson, 2005 U.S. App. LEXIS 7164 at *23 (no qualified immunity where officer knew detainee was a diabetic but failed to provide insulin).

## II. THE DEFENDANT OFFICERS ARE NOT ENTITLED TO SUMMARY JUDGMENT ON THE MASSACHUSETTS CIVIL RIGHTS ACT CLAIM

The Supreme Judicial Court has stated that the Massachusetts Civil Rights Act "MCRA" and §1983 are parallel statutes, coextensive with each other. See Batchelder v. Allied Stores Corp., 393 Mass. 819, 822-23 (1985); Canney v. Chelsear, 925 F. Supp 58, 68 (1st Cir. 1996). Accordingly, the arguments in Section I, supra, with respect to Plaintiff's claims brought pursuant to §1983 apply with equal force to Plaintiff's claims pursuant to the MCRA. Therefore, should the court find that plaintiff has presented sufficient evidence of his federal claims, summary judgment is certainly not appropriate on his claims brought under the MCRA.

## CONCLUSION

Wherefore, the Plaintiff respectfully requests that this Court deny the Defendants' motion for summary judgment.

        Respectfully submitted,
        The Plaintiff Scott Rodgers,
        By his attorneys,


        //s// Michael Tumposky_____
DATED: September 18, 2006        Stephen Hrones (BBO No. 242860)
        Jessica D Hedges (BBO No. 645847)
        Michael Tumposky (BBO No. 660618)
        HRONES GARRITY & HEDGES LLP
        Lewis Wharf-Bay 232
        Boston, MA 02110-3927
        T) 617/227-4019


**CERTIFICATE OF SERVICE**

    I, Michael Tumposky, hereby certify that on this 18th day of September, 2006, I served a true and correct copy of the foregoing PLAINTIFF SCOTT RODGERS' OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT where unable to do so electronically, via United States First-Class Mail, postage prepaid, to all counsel of record in this matter.
.


        //s//Michael Tumposky\_\_\_\_
        Michael Tumposky