UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SCOTT RODGERS )<br>    Plaintiff )<br> )<br>V. )<br> )<br>CORRECTION OFFICER ORCHID, )<br>UNKNOWN CORRECTION OFFICER )<br>JOHN DOE, JOE WHITMORE, DR. )<br>HOWARD, JOHN SMITH, PLYMOUTH )<br>COUNTY )<br>    Defendants ) | CIVIL ACTION NO.:  04-11842-PBS |

## OPPOSITION OF DEFENDANT, JOHN B. HOWARD, M.D., TO PLAINTIFF SCOTT RODGERS' MOTION TO AMEND COMPLAINT

**PRELIMINARY STATEMENT**

Defendant John B. Howard submits this opposition to the plaintiff's Motion to Amend the Complaint, filed September 16, 2006.  While Massachusetts District Court Local Rule 7 allows fourteen days in which to submit an opposition, this opposition is being filed forthwith in order to be available for the Court's scheduled hearing on defendants' summary judgment motions, to be held September 22, 2006.  The opposition is substantially complete, although it refers to a transcript of an August 2, 2006 motion hearing that has not yet been obtained by counsel.  Representations concerning the proceedings at the hearing are supported by the Affidavit of Anthony R. Brighton (Exhibit "D").  To the extent such representations are challenged or objected to by counsel for any other party, Defendant Dr. Howard therefore requests the opportunity to submit a transcript of the hearing within the time allowed by Local Rule 7.

## I.     INTRODUCTION

The plaintiff, Scott Rodgers, has requested that this Court grant leave to amend his complaint to add a count for medical malpractice against defendant John B. Howard, M.D. ("Dr. Howard"), pursuant to Fed.R.Civ.P. 15. The plaintiff's motion should be denied due to his failure to provide any evidence, rationale, or authority to support the motion to amend, due to lack of diligence and undue delay in seeking to amend, because the motion for leave comes as a response to Dr. Howard's motion for summary judgment, and because discovery has been completed and amendment would be futile.[1] Although the plaintiff's motion for leave claims that the facts leading to the motion to amend were determined at Dr. Howard's September 8, 2006 deposition, the plaintiff has in fact been on notice of these facts at least since November 2005, and has admitted awareness of those facts in open court. Moreover, the plaintiff has conceded that Dr. Howard is entitled to summary judgment on the original claims stated against him, and thus the motion to amend is an attempt to state a new action against Dr. Howard after the original claims have been shown to lack merit.

The plaintiff's motion to amend is also futile, because discovery has ended and the plaintiff has failed to submit the expert evidence necessary to support a medical malpractice claim, regardless of whether that claim was against defendant Plymouth County or Dr. Howard. The discovery deadline, including the deadline for designation of expert witnesses, has passed in this case, and the plaintiff has failed to submit an expert designation pursuant to Fed.R.Civ.P. 26(a)(2). This failure is unrelated to the plaintiff's deposition of Dr. Howard, as the deadline for expert designation passed before the plaintiff even sought to depose Dr. Howard, and expert testimony would have been required to support the state tort claim against Plymouth County had

---

[1] Counsel for Dr. Howard will move to strike any Memorandum in Support of the Motion to Amend the Complaint submitted after the filing of this document, and will oppose any attempt by the plaintiff to submit an untimely expert designation.

the plaintiff continued with his original theory. Because expert testimony is required to support the plaintiff's medical malpractice claim, and because the plaintiff has no justifiable reason for his failure to comply with the expert designation deadline, amendment of the complaint will be futile because the plaintiff will be unable to prove the proposed claim against Dr. Howard.

## II.  FACTUAL BACKGROUND

On August 24, 2004, the plaintiff filed the original complaint in this case, alleging claims under 42 U.S.C. § 1983, Mass G.L. c. 12, §11I, and Mass. G.L. c. 258 against Plymouth County, Massachusetts, and individual defendants, including Dr. Howard. (See Plaintiff's Complaint, Electronic Filing ("Filing") No. 1). The complaint generally alleges liability for inadequate medical care that occurred while the plaintiff was an inmate at the Plymouth County Correctional Facility ("PCCF"), and alleges four specific counts against the defendants. Count I alleges liability under Massachusetts' state tort claims act, Mass. G.L. c. 258, and is against Plymouth County only; Count II alleges claims under 42 U.S.C. § 1983 against the individual defendants, including Dr. Howard, for alleged violations of the Eighth and Fourteenth Amendments to the U.S. Constitution; Count III alleges claims under 42 U.S.C. § 1983 against Plymouth County; and Count IV alleges claims under Massachusetts' civil rights act, Mass G.L. c. 12, §11I, against the individual defendants, including Dr. Howard. (See Filing No. 1).

**Facts Concerning Dr. Howard's Status as an Employee or Independent Contractor**

On November 8, 2005, Dr. Howard's original counsel filed a motion to withdraw as his attorney, and counsel filed an affidavit in support of that motion stating that Dr. Howard was not an employee of the Plymouth County Sheriff's Department, but instead provided services pursuant to contract. (See Motion to Withdraw as Counsel and Affidavit in Support, Filing No. 23). The Court granted the motion to withdraw on November 9, 2005. (See Court Docket).

On November 10, 2005, defendants Orcutt, Whittemore, and Smith responded to the plaintiff's request for production of documents, and provided the plaintiff with a copy of a contract between Dr. Howard and Plymouth County, relevant to the services he performs at PCCF. (See Defendants Orcutt, Whittemore, and Smith's Response to the Plaintiff's Request for the Production of Documents, attached hereto as Exhibit "A", Response No. 15; see, also, contract for Dr. Howard's services, attached hereto as Exhibit "B"). Dr. Howard's contract contains terms indicating intent to create an independent contractor relationship between himself and Plymouth County, rather than an employment relationship. (See Exhibit "B", page 6).

At the June 1, 2006 deposition of Joseph Whittemore, R.N., plaintiff's counsel asked Nurse Whittemore if he knew whether Dr. Howard was an employee or an independent contractor, and Nurse Whittemore responded that he believed Dr. Howard was a contractor. (See Deposition of Joseph Whittemore, R.N., excerpts of which are attached hereto as Exhibit "C", pp. 78-79).

At a hearing on plaintiff's motion for sanctions regarding Dr. Howard's deposition, held August 2, 2006 before Magistrate Marianne Bowler, Dr. Howard stated that he was a contractor, and not an employee, at the Plymouth County Correctional Facility, and plaintiff's counsel admitted his prior awareness of issues concerning Dr. Howard's contractual status and the reasons Dr. Howard's original counsel sought to withdraw. (See Affidavit of Anthony R. Brighton, attached hereto as Exhibit "D").

**Facts Concerning the Court's Scheduling Orders**

On May 4, 2005, the Court entered its first Scheduling Order, which set a fact discovery deadline of December 30, 2005, with plaintiff's expert designations due on January 30, 2006, and expert discovery completed by March 30, 2006. (See Court Docket and Scheduling Order,

Filing No. 15). On December 23, 2005, the plaintiff filed a motion to extend the discovery deadline by sixty days in order to complete depositions. (See Motion to Extend Discovery Deadlines, Filing No. 27). That motion was granted on December 28, 2005. (See Court Docket). On March 24, 2006, plaintiff filed a second motion to extend the discovery deadline, which was granted on March 27, 2006. (See Second Motion to Extend Discovery, Filing No. 28; Court Docket). The Court's March 27, 2006 electronic order granting the March 24, 2006 motion stated that no further extensions would be granted, and set an April 30, 2006 deadline for plaintiff's expert designations, and a June 30, 2006 deadline for completion of all discovery. (See Court Docket).

On June 22, 2006, the plaintiff filed a motion for sanctions against Dr. Howard, alleging that he had failed to appear for scheduled depositions. In support of the motion, the plaintiff attached two deposition notices directed to Dr. Howard, dated May 22, 2006 and June 8, 2006, respectively. (See Plaintiff's Motion for Sanctions, Filing No. 30 and attached Exhibits). As noted, a hearing on the plaintiff's motion was held before Magistrate Bowler on August 2, 2006, and Dr. Howard's deposition was scheduled and completed on September 8, 2006.

On September 11, 2006, Dr. Howard filed a motion for summary judgment on the claims against him, along with a motion for leave to file and to advance the hearing on the motion to September 22, 2006, the date of a previously scheduled hearing on other defendants' similar motions for summary judgment. See Motion for Summary Judgment, Memorandum in Support, and Motion for Leave to File and to Advance Hearing, Filing Nos. 43, 44, and 45). On September 13, 2006, the Court granted Dr. Howard's motion for leave and to advance the hearing, and his motion for summary judgment is currently pending. Dr. Howard's motion addressed the insufficiency of the plaintiff's state and federal civil rights claims against him, and

pointed out that the remaining claims, including the claim under Mass. G.L. c. 258, had been stated against Plymouth County only. (See Memorandum in Support of Dr. Howard's Motion for Summary Judgment, Filing No. 45). The plaintiff has stated that he does not oppose Dr. Howard's Motion for Summary Judgment on the 42 U.S.C. § 1983 claims, and that he instead only seeks leave to amend the complaint. (See Plaintiff's Opposition to Defendant Orcutt and Whittemore's Motion for Summary Judgment, Filing No. 49, page 1 n.2). [2]

After Dr. Howard's deposition on September 8, 2006, plaintiff's counsel sent a letter to all counsel enclosing an opinion letter of Dr. Paul Hart, purportedly in support of the plaintiff's claims against Dr. Howard and/or Plymouth County. Plaintiff's counsel's letter further indicates an intent to submit an expert designation. Although Dr. Hart's letter had been dated August 11, 2006, plaintiff's counsel failed to disclose, either to this Court or to counsel, his receipt of the letter or his intent to submit an expert designation until he sent the letter on September 8, 2006, after the deposition of Dr. Howard. (See September 8, 2006, letter from Michael Tumposky, with attached August 11, 2006 letter from Dr. Paul Hart, attached hereto as Exhibit "E").

On September 16, 2006, after Dr. Howard filed his motion for summary judgment, plaintiff filed his motion for leave to amend the complaint. (See Plaintiff's Motion to Amend Complaint, Filing No. 47).

---

[2] The plaintiff has not explicitly conceded that Dr. Howard is entitled to summary judgment on the claims under Mass. G.L. c. 12, § 11I. However, there is no evidence whatsoever to support those claims, and the plaintiff's arguments with respect to the "coextensive" nature of federal and state civil rights claims imply a concession that these claims are insufficient as to Dr. Howard, in light of the concession regarding the § 1983 claims. (See Filing No. 49, page 9).

### III.    ARGUMENT

   A.    THE PLAINTIFF'S MOTION TO AMEND THE COMPLAINT SHOULD BE DENIED BECAUSE HE WAS AWARE OF THE FACTS GIVING RISE TO THE PROPOSED AMENDMENT IN NOVEMBER 2005 AND MADE NO EFFORT TO AMEND UNTIL AFTER DR. HOWARD FILED A MOTION FOR SUMMARY JUDGMENT.

The decision to grant or deny leave to amend a complaint is left to the Court's sound discretion.  Grant v. News Group Boston, Inc., 55 F.3d 1, 5 (1st Cir. 1995).   Although Fed.R.Civ.P. 15(a) states a liberal standard for allowing motions to amend, denial is appropriate when the facts demonstrate undue delay, bad faith, dilatory motive, or futility of the amendment. Id., citing Foman v. Davis, 371 U.S. 178, 182 (1962).  The court's exercise of discretion will not be disturbed "if any adequate reason for the denial is apparent on the record."  Grant, 55 F.3d at 5, citing Resolution Trust Corp. v. Gold, 30 F.3d 251, 253 (1st Cir. 1994).

It should first be noted that the plaintiff has provided no facts, reasons or authority to justify the proposed amended complaint, and has thus failed to sustain his burden in filing the motion.  In Grant, supra, the plaintiff sought to amend the complaint fourteen months after its original filing, and after two discovery extensions had already been granted.  Grant, 55 F.3d at 6. In upholding the denial of the motion for leave to amend, the court noted, among other things, that where "considerable time has elapsed between the filing of the complaint and the motion to amend, the *movant* has the burden of showing some 'valid reason for his neglect and delay.'" Id. (emphasis in original), quoting Stepanischen v. Merchants Despatch Transp. Corp., 722 F.2d 922, 933 (1st Cir. 1983), and Hayes v. New England Millwork Distribs., Inc., 602 F.2d 15, 19-20 (1st Cir. 1979).  Moreover, when a plaintiff seeks leave to amend a complaint after a motion for summary judgment has been filed, he must demonstrate that the proposed amendment is supported by "substantial and convincing evidence."  Resolution Trust Corp., 30 F.3d at 253,

citing <u>Torres-Matos v. St. Lawrence Garment Co., Inc.</u>, 901 F.2d 1144, 1146 (1st Cir. 1990). Leave to amend a complaint should be denied when the proposed amendment is filed to prevent the grant of summary judgment, "particularly when the new claim could have been raised earlier." <u>Beckman v. U.S. Postal Service</u>, 79 F.Supp.2d 394, 408 (S.D.N.Y. 2000), quoting <u>Berman v. Parco</u>, 986 F.Supp. 195, 217 (S.D.N.Y. 1997). In addition, where leave to amend is sought after deadlines in a court's scheduling order have passed, the movant is required to show good cause justifying the delay. <u>O'Connell v. Hyatt Hotels of Puerto Rico</u>, 357 F.3d 152, 154-155 (1st Cir. 2004). This standard requires a showing of the movant's diligence. <u>Id</u>. at 155.

Because the plaintiff filed no memorandum in support of his motion and offered no factual, logical, or legal support for the grant of leave, he has failed to satisfy the burden necessary to obtain such leave. The plaintiff has not offered a valid reason for the neglect and delay, he has not offered any evidence, much less substantial and convincing evidence, to support the amendment, and he has not offered good cause to support the grant of leave to amend after two extensions of the Court's scheduling orders have expired.

Furthermore, the evidence does not support any explanation the plaintiff might offer to support leave to amend. Although the motion states that after Dr. Howard's September 8, 2006 deposition "it was determined that Defendant Howard is not a 'public employee' . . .", the evidence of Dr. Howard's employment status was available to the plaintiff on November 8, 2005, when his original counsel submitted an affidavit in support of a motion to withdraw as Dr. Howard's attorney. (Filing No. 23). In that affidavit, Attorney Patrick Lee stated that Dr. Howard was not an employee of the Plymouth County Sheriff's Department, but instead provided services pursuant to a contract. That contract was provided in a discovery response two days later, on November 10, 2005, and its terms further placed the plaintiff on notice of the

possibility, and indeed the substantial likelihood, that Dr. Howard would not be considered an employee of Plymouth County.  (Exhibit "A"; Exhibit "B").

The standard for assessing undue delay under Fed.R.Civ.P. 15(a) requires a determination of the plaintiff's diligence in seeking leave to amend, and "'[w]hat the plaintiff knew or should have known and what he did or should have done are relevant to the question of whether justice requires leave to amend under this discretionary provision.'"  Invest Almaz v. Temple-Inland Forest Prods. Corp., 243 F.3d 57, 72 (1st Cir. 2001), quoting Leonard v. Parry, 219 F.3d 25, 30 (1st Cir. 2000).  The plaintiff knew or should have known, long before Dr. Howard's deposition, that Dr. Howard likely or probably would not be considered an employee of Plymouth County.

In addition to the affidavit of Dr. Howard's original counsel and the production of Dr. Howard's contract with Plymouth County, Dr. Howard stated that he was not an employee of Plymouth County during the August 2, 2006 hearing on the motion for sanctions, and plaintiff's counsel admitted his awareness of that fact and made statements indicating that he had been aware of the issue for some time prior.  He specifically noted his understanding that Dr. Howard's original counsel filed a motion to withdraw because the Plymouth County Sheriff's Department determined that it did not have to represent Dr. Howard.  (Exhibit "D").  Such statements show that plaintiff's counsel knew, well in advance of Dr. Howard's September 8, 2006 deposition, that Dr. Howard likely was not an employee of Plymouth County, and therefore that Plymouth County likely would not be liable for Dr. Howard's conduct under Massachusetts' state tort claims act, Mass. G.L. c. 258.

Plaintiff's counsel further expressed his knowledge of the issue regarding Dr. Howard's employment status at the June 1, 2006 deposition of Joseph Whittemore, R.N., during which he asked Nurse Whittemore if he knew whether Dr. Howard was an employee or an independent

contractor, and Nurse Whittemore responded that he believed Dr. Howard was a contractor. (Exhibit "C"). Counsel's recognition is shown by his inquiry into the issue, as well as by Nurse Whittemore's answers, which support all of the other evidence available to counsel that indicated Dr. Howard was not an employee of Plymouth County.

Despite having notice that Dr. Howard was not an employee of Plymouth County on November 8, 2005, and receiving numerous subsequent confirmations of that apparent fact, the plaintiff failed to move for leave to amend until after Dr. Howard filed a motion for summary judgment that pointed out the lack of an individual malpractice claim against him. In these circumstances, it is apparent that the motion for leave to amend should not be granted because of the plaintiff's undue delay and lack of diligence. The plaintiff had ample notice and opportunity to seek leave to amend earlier, and allowing the proposed amendment at this time would require a re-opening of discovery and likely additional proceedings, including the allowance of untimely expert designations that could be prejudicial to other parties as well as Dr. Howard, referral to the Superior Court for a medical malpractice tribunal, possible re-depositions of parties to explore the malpractice claim, and possible further depositions of PCCF medical staff and plaintiff's prior and subsequent treating physicians, all conducted after the plaintiff has conceded Dr. Howard's entitlement to summary judgment on the original claims against him, and without any convincing evidentiary support showing the validity of the proposed new claims.

    B.    THE PLAINTIFF'S MOTION TO AMEND THE COMPLAINT SHOULD BE DENIED BECAUSE THE EXPERT DESIGNATION DEADLINE HAS PASSED, THE PROPOSED CLAIM CANNOT BE PROVEN WITHOUT EXPERT TESTIMONY, AND THERE IS NO EXCUSE FOR THE PLAINTIFF'S FAILURE TO MAKE AN EXPERT DESIGNATION PRIOR TO THE DEADLINE.

As noted, leave to amend a Complaint can be denied if the proposed amendment would be futile. Grant, 55 F.3d at 5. In this case, the plaintiff's proposed amendment is futile because

he cannot prove a medical malpractice claim against Dr. Howard without the aid of expert evidence, and the plaintiff failed to designate an expert by the April 30, 2006 deadline in the Court's March 27, 2006 second amended scheduling order. The plaintiff has not requested leave to further amend the scheduling order, nor would any such amendment be appropriate, because the failure to designate an expert was not due to any misconception concerning Dr. Howard's status as an employee or independent contractor of Plymouth County.

Expert evidence is required, in all but the most exceptional cases, in order to sustain a medical malpractice claim. See, e.g., Haggerty v. McCarthy, 344 Mass. 136, 139 (1962). If the plaintiff cannot justify a further extension of the discovery deadlines, he will be unable to sustain a medical malpractice claim against Dr. Howard, because he failed to submit an expert designation by the deadline established by the Court.

Regardless of whether Dr. Howard was an employee or independent contractor of Plymouth County, the plaintiff's claim against Plymouth County under Mass. G.L. c. 258, to the extent it involved Dr. Howard's conduct, was a claim for medical negligence that required expert evidence to sustain. See Mass. G.L. c. 258, § 2 (public employers liable for actions of public employee "in the same manner and to the same extent as a private individual under like circumstances"). Therefore, the plaintiff was required to obtain expert evidence to support his medical malpractice claim against Plymouth County in the same manner as he would have been required to obtain expert testimony if the claim had been against Dr. Howard individually. Because expert support was needed regardless of the defendant, the plaintiff's failure to obtain expert support for his claims has nothing to do with Dr. Howard's employment status.

Likewise, the failure to obtain expert support is not attributable to the delay in deposing Dr. Howard. The plaintiff obtained two discovery extensions, and represented to the Court in the

March 24, 2006 request for an extension that he had been able to contact Dr. Howard for purposes of noticing his deposition. (Filing No. 28). Based upon this representation, on March 27, 2006 the Court granted an extension of both fact and expert discovery until June 30, 2006, while ordering the plaintiff to make expert designation by April 30, 2006. The plaintiff failed to make an expert designation by April 30, 2006, and also failed to serve notice of Dr. Howard's deposition until May 22, 2006, after the deadline for plaintiff's expert designation had passed. (Filing No. 28). Because the plaintiff did not even notice Dr. Howard's deposition until after the expert designation deadline had passed, there can be no claim that the failure to designate is attributable to Dr. Howard. Moreover, the plaintiff has made no attempt to cure his failure to designate an expert since the deadline expired.

As discussed above, the plaintiff's motion for leave to amend the complaint is accompanied by his concession that his original claims against Dr. Howard lack any evidence, and thus the motion to amend is advanced to assert a different theory of relief against Dr. Howard. However, despite the concession that he has no support for his original claims against Dr. Howard, the plaintiff has made no attempt to offer the "substantial and convincing" evidence necessary to support the new claim he seeks to assert. Resolution Trust Corp., 30 F.3d at 253. The plaintiff has failed to support his motion for leave to amend with evidence showing a viable claim for medical malpractice against Dr. Howard, and he has failed to explain why that evidence was not obtained and submitted to the Court earlier, specifically by the April 30, 2006 deadline. There is no explanation for the plaintiff's failure to obtain expert support for the original claim against Plymouth County, and thus no rational basis for allowing an amendment to the complaint to state a claim that the plaintiff already allowed to lapse against another party.

The plaintiff belatedly provided counsel with an opinion letter from a physician, dated August 11, 2006. (Exhibit "E"). Despite the August 11, 2006 date, plaintiff's counsel withheld this letter until after Dr. Howard's deposition. In addition, despite his provision of that letter to counsel, he failed to submit an appropriate expert designation to the Court, and he has failed to seek leave to submit an expert designation. Allowing the plaintiff leave to submit an expert designation at this date would not only allow him to restate lapsed claims against Dr. Howard, it could also prejudice the remaining defendants in this case, to the extent that the belated designation would affect the claims against them.

Allowing leave to amend at this point will require a number of further proceedings in this case in addition to the allowance of the belated expert designation necessary to support the claim against Dr. Howard. The new claim against Dr. Howard will require referral to Massachusetts Superior Court for the submission of an Offer of Proof and a medical malpractice tribunal concerning Dr. Howard, pursuant to Mass. G.L. c. 231, §60B, possible re-depositions of the plaintiff and Nurse Whittemore to allow Dr. Howard to propound questions concerning the new claim against him, and possible depositions of other members of medical staff and prior or subsequent treating physicians. None of these delays or extensions of discovery are warranted on this record, because the plaintiff failed to obtain and submit the evidence necessary to support his medical malpractice claim during the discovery period, and it makes no difference whether the evidence he failed to submit was to be used in an action against Plymouth County or against Dr. Howard individually. Because expert evidence is necessary to support the medical malpractice claim, and because the plaintiff's duty to provide expert evidence timely was not affected by any conduct of Dr. Howard, there is no basis for allowing the plaintiff to amend the complaint.

## IV. CONCLUSION

For the foregoing reasons, Defendant John B. Howard, M.D., respectfully requests that the plaintiff's Motion to Amend the Complaint be denied.

        Respectfully submitted,

        /s/ Anthony R. Brighton
        _____
        Edward F. Mahoney (BBO No. 546436)
        Anthony R. Brighton (BBO No. 660193)
        Attorneys for Defendant,
         John B. Howard, MD
        MARTIN, MAGNUSON, MCCARTHY
         & KENNEY
        101 Merrimac Street
        Boston, Massachusetts 02114
        (617) 227-3240

**CERTIFICATE OF SERVICE**

I, Anthony R. Brighton, counsel for defendant, John B. Howard, MD hereby certify that on the 20th day of September, 2006, I served the foregoing by electronically forwarding a copy thereof, to:

Michael L. Tumposky, Esq.  
Hrones & Garrity  
Lewis Wharf-Bay 232  
Boston, MA 02110-3927  

Mark C. Gildea, Esq.  
Clark, Balboni & Gildea  
126 Belmont Street  
Brockton, MA 02301  

William P. Breen, Jr., Esq.  
Eckert Seamans Cherin & Mellott, LLC  
One International Place, 18th Floor  
Boston, MA 02110  

/s/ Anthony R. Brighton  
_____  
Edward F. Mahoney (BBO No. 546436)  
Anthony R. Brighton (BBO No. 660193)  
Attorneys for Defendant,  
 John B. Howard, MD  
Martin, Magnuson, McCarthy & Kenney  
101 Merrimac Street  
Boston, MA  02114  
(617) 227-3240