**EXHIBIT A**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. #04-11842 PBS

|  |  |
|---|---|
| SCOTT RODGERS, | ) |
|                Plaintiff | ) |
| v. | ) |
| | ) |
| CORRECTION OFFICER ORCUTT, | ) |
| UNKNOWN CORRECTION | ) |
| OFFICER JOHN DOE, JOE WHITTMORE, | ) |
| DR. HOWARD, JOHN SMITH, | ) |
| PLYMOUTH COUNTY, | ) |
|                Defendants | ) |

DEFENDANTS' RESPONSES TO PLAINTIFF'S
FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

REQUEST #1: A list of the Plymouth County Corrections officers on duty the date of the incident, including what hours they worked and where they were stationed.

    RESPONSE: Objection. Request is overly broad and not reasonably calculated to lead to admissible evidence. Notwithstanding same and without waiving said objection, please see documents attached at Exhibits #1 and #13 hereto.

REQUEST #2: Documents detailing any and all internal investigations conducted by Plymouth County pertaining to, and/or referencing in any way, the incident in question.

    RESPONSE: All memos and/or documents are produced at Exhibits #3 and #12 or have been produced during earlier discovery.

REQUEST #3: Any and all internal memoranda pertaining to, and/or referencing in any way the incident in question.

    RESPONSE: Please see documents produced and attached hereto at Exhibit #3 and Exhibit #12.

REQUEST #4:   Full and complete copies of all prisoner complaints alleging: deliberate indifference to medical needs and/or medical malpractice, filed with Plymouth County from 1995 to present. Such request includes all documents relating to investigations and dispositions of said complaints.

> RESPONSE: The Defendant objects to Request #4 on the grounds that the request is overly broad and would create an undue hardship, not reasonably calculated to lead to admissible evidence and seeks privileged and confidential information.

REQUEST #5:   Full and complete copies of all lawsuits, civil actions or claims filed against Plymouth County alleging: deliberate indifference to medical needs and/or medical malpractice. In lieu of providing copies of documents, the defendant may respond to this Request by providing the name of all parties, the docket number, court and the disposition of such action.

> RESPONSE: The Defendant objects to Request #5 on the grounds that the request is overly broad and unduly burdensome, not reasonably calculated to lead to admissible evidence.

REQUEST #6:   Any and all other documents which are in your possession concerning, pertaining to, and/or referencing in any way, the incident in question. This includes, but is not limited to:

   a.   any and all reports or forms describing any aspects of this incident;
   b.   any and all incident reports; and
   c.   any and all statements and/or interviews of witnesses, and any corrections officers or other persons who had any role or contact with the incident.

> RESPONSE: See Response to Requests #2 and #3 above and automatic discovery earlier provided.

REQUEST #7:   Any and all Plymouth County policies, procedures and/or training materials relative to the providing of the required level of medical care, which were in effect at the time, are currently in effect, and/or were in effect prior to the incident.

> RESPONSE: Objection. Request is overly burdensome and not reasonably calculated to lead to admissible evidence. Notwithstanding same and without waving said objection, see Policies attached hereto at Exhibit #7.

REQUEST #8:   Any and all Plymouth County policies, procedures and/or training materials relative to prisoners who request medical attention, hospitalization and/or those who are subsequently hospitalized, which were in effect at the time, are currently in effect, and/or were in effect prior to the incident.

RESPONSE: See Response to Request #7.

REQUEST #9: Any and all Plymouth County policies and training materials relative to the procedures for investigating prisoner complaints, which were in effect at the time, are currently in effect and/or were in effect prior to the incident.

    RESPONSE: Objection. Request is overly burdensome. Notwithstanding same and without waiving said objection, see Plymouth County Sheriff's Department Policy #491 attached hereto.

REQUEST #10: A list of all witnesses who will or may be called at trial, or who otherwise have discoverable information regarding the allegations contained in the complaint. Such list shall include the name, address, phone number, social security number, occupation, if employed by the County, the dates of said employment, and copies of all documents that form the basis for their knowledge of the incident giving rise to this complaint.

    RESPONSE:
(a) William Yetman; Lieutenant.
(b) Mary Aguilar; Assistant Deputy Superintendent.
(c) John Smith; Medical Department Captain, retired.
(d) John Howard, M.D; Medical Department Physician.
(e) Judith Orcutt; Correction Officer.
(f) Joseph Whittemore; Medical Officer.
(g) William Murray, III; Correction Officer.
(h) Brian H. Gillen; Deputy Superintendent.
(i) John Ryan, Jr.; Lieutenant.
(j) William Shea; Lieutenant.
(k) Timothy Baker; Correction Officer.
(l) James Vachon; Retired Correction Officer.
(m) Edward Murphy; Medical Officer.
(n) Matthew Finn; Correction Officer.
(o) John Curtis; Correction Officer.
(p) James Tripp; Correction Officer.
(q) John Taylor, Retired Correction Officer.
(r) Eric Pestilli, Retired Correction Officer.
(s) Steven Anstatt, Correction Officer

All of Plymouth County Sheriff's Dept., 24 Long Pond Road, Plymouth, MA 02360; (508) 830-6200.

REQUEST #11: Any and all video or audio transmissions and/or transcriptions thereof which relate or pertain in any way to the incident alleged in the Plaintiff's Complaint.

RESPONSE: The Defendant objects to Request #11 on the grounds that the information requested contains privileged confidential documents, the disclosure of which would violate institutional security. Notwithstanding same and without waiving said objection, Defendant states there are none.

REQUEST #12: Any and all jail infirmary or other medical records for the Plaintiff which were recorded after the incident in question.

RESPONSE: See medical records attached hereto at Exhibit #12 and earlier provided discovery.

REQUEST #13: Any and all log books from the date of the incident and the day thereafter.

RESPONSE: See log book attached hereto as Exhibit #13.

REQUEST #14: Any and all internal affairs policies relating to the procedure for investigating alleged misconduct by corrections officers which were in effect at the time, are currently in effect, and/or were in effect prior to the incident.

RESPONSE: Objection. Request is overly burdensome, not reasonably calculated to lead to admissible evidence. Notwithstanding same and without waiving said objection, see Plymouth County Sheriff's Department Policy #230.

REQUEST #15: Any and all documents relative to the contractual relationship between Plymouth County and any and all companies that provide medical care to inmates.

RESPONSE: Objection. Request is overly burdensome, not reasonably calculated to lead to admissible evidence. Notwithstanding same and without waiving said objection, please see contracts attached hereto at Exhibit #15.

Defendants, Orcutt, Whittemore, and Smith
By their attorney:

*Patrick C. Lee*
Patrick C. Lee, General Counsel
Plymouth County Sheriff's Dept.
24 Long Pond Road
Plymouth, MA 02360
508-830-6287
BBO #634980

DATED: November 10, 2005

## CERTIFICATE OF SERVICE

I, Patrick C. Lee, General Counsel for Plymouth County Sheriff's Department, certify that on this 10th day of November, 2005, I mailed a copy of the within Defendant's Responses to Plaintiff's First Request for Production of Documents, postage prepaid as follows:

Attorney Jessica D. Hedges  
Hrones & Garrity  
Lewis Wharf – Bay 232  
Boston, MA  02110

Attorney Mark Gildea  
Clark, Balboni & Gildea  
126 Belmont Street  
Brockton, MA  02301

Signed under the pains and penalties of perjury.

_____  
Patrick Lee, General Counsel