**EXHIBIT C**

Page 1

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

C.A. NO. 04-11842-PBS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| SCOTT RODGERS, | \* |
| Plaintiff | \* |
| vs. | \* |
| CORRECTION OFFICER ORCHID, | \* |
| UNKNOWN CORRECTION OFFICER JOHN | \* |
| DOE, JOE WHITMORE, DR. HOWARD, | \* |
| JOHN SMITH, PLYMOUTH COUNTY, | \* |
| Defendants | \* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

DEPOSITION OF JOSEPH A. WHITTEMORE

HRONES, GARRITY & HEDGES

Lewis Wharf Bay, Suite 232

Boston, Massachusetts

June 1, 2006       11:15 a.m.

Maryellen Coughlin

Registered Professional Reporter

Page 78

1  MR. BREEN: Objection.
2  A. Anywhere between probably four to
3  seven days a week.
4  Q. How many hours per day?
5  A. I don't know.
6  Q. Approximately?
7  A. If I had to guess --
8  MR. BREEN: Just tell him what you
9  know.
10 A. I don't know.
11 Q. What about in 2001, how many days a
12 week was he there?
13 A. I don't know. Most every day.
14 Q. You're an employee of Plymouth
15 County, right?
16 A. Correct.
17 Q. Do you have any type of employment
18 contract or --
19 A. No.
20 Q. You're just a standard employee?
21 A. (Witness nods.)
22 Q. Right?
23 A. Right.
24 Q. What about Dr. Howard?

Page 79

1  A. He's a contractor.
2  Q. Does he work for a company or does
3  he work on his own?
4  A. He works on his own.
5  Q. Do you know the nature of the
6  relationship, contractual relationship at all?
7  A. No.
8  Q. Do you know where he went to
9  medical school?
10 A. Yale.
11 Q. College?
12 A. Yale, I think.
13 Q. How old is he?
14 A. I don't know. 60, 65.
15 Q. Have you had any discussions with
16 him at any time about Scott Rodgers?
17 A. Yes.
18 Q. When?
19 A. After he was sent out.
20 Q. Can you describe that conversation?
21 A. I don't really recall the
22 conversation.
23 Q. Do you remember any part of it?
24 A. No. Just that we touched base, you

Page 80

1  know, that he was in the hospital or that he was
2  coming back or whatever and he's okay.
3  Q. Do you remember anything else about
4  the conversation?
5  A. No.
6  Q. Was that the only time that you
7  talked about Scott Rodgers?
8  A. We talked about it a little bit
9  just recently, just the fact that we were both
10 being deposed.
11 Q. What was said in that conversation?
12 A. I said -- nothing specifically
13 other than I had to come here on Thursday and the
14 time and are you coming as well.
15 Q. And what did he say?
16 A. He said he wasn't sure.
17 Q. But he received the notice of
18 deposition --
19 MR. BREEN: Objection.
20 Q. -- according to what he said to
21 you?
22 A. He knew about the deposition, that
23 I was being deposed at least.
24 Q. Did he say anything about why he

Page 81

1  doesn't have a lawyer?
2  MR. BREEN: Objection.
3  A. No.
4  Q. Did you talk about anything else
5  other than the fact that you both had to come
6  here this afternoon?
7  A. No.
8  Q. How did he seem to you when you
9  discussed it? What were your observations of his
10 demeanor?
11 A. Just like he always is. He didn't
12 seem particularly --
13 Q. How is he always?
14 A. He's a nice guy. He's funny. He's
15 personable. He didn't seem flustered or worried.
16 Q. But you've never talked about
17 depositions with him prior to this?
18 A. No.
19 Q. So you don't know if he's ever been
20 deposed before?
21 A. I have no idea.
22 Q. Okay. I think that's it.
23 MR. BREEN: Just give me a minute.
24 (Discussion off the record.)

21 (Pages 78 to 81)

Page 86

1  CERTIFICATE
2       I, Maryellen Coughlin, a Registered
3  Professional Reporter and Notary Public of the
4  State of Massachusetts, do hereby certify that
5  the foregoing is a true and accurate transcript
6  of my stenographic notes of the deposition of
7  JOSEPH A. WHITTEMORE. Who appeared before me,
8  satisfactorily identified themself, and was by
9  me duly sworn, taken at the place and on the
10 date hereinbefore set forth.
11      I further certify that I am neither
12 attorney nor counsel for, nor related to or
13 employed by any of the parties to the action in
14 which this deposition was taken, and further
15 that I am not a relative or employee of any
16 attorney or counsel employed in this case, nor
17 am I financially interested in this action.
18      THE FOREGOING CERTIFICATION OF THIS
19 TRANSCRIPT DOES NOT APPLY TO ANY REPRODUCTION OF
20 THE SAME BY ANY MEANS UNLESS UNDER THE DIRECT
21 CONTROL AND/OR DIRECTION OF THE CERTIFYING
22 REPORTER.
23
24      MARYELLEN COUGHLIN, RPR

Page 87

1       UNITED STATES DISTRICT COURT
2       DISTRICT OF MASSACHUSETTS
3       C.A. NO. 04-11842-PBS
4
5  * * * * * * * * * * * * * * * * *
6  SCOTT RODGERS,              *
7       Plaintiff              *
8  vs.                         *
9  CORRECTION OFFICER ORCHID,  *
10 UNKNOWN CORRECTION OFFICER JOHN *
11 DOE, JOE WHITMORE, DR. HOWARD, *
12 JOHN SMITH, PLYMOUTH COUNTY, *
13      Defendants             *
14 * * * * * * * * * * * * * * * * *
15
16      I, JOSEPH A. WHITTEMORE, do hereby
17 certify, under the pains and penalties of
18 perjury, that the foregoing testimony is true
19 and accurate, to the best of my knowledge and
20 belief.
21      WITNESS MY HAND THIS ____ day of
22 _____, 2006.
23      _____
24      JOSEPH A. WHITTEMORE

Page 88

1  CORRECTION SHEET
2  DEPONENT: JOSEPH A. WHITTEMORE
3  CASE: SCOTT RODGERS VS. CORRECTION OFFICER
4  ORCHID, ET AL
5  DATE TAKEN: 6/1/06
6  ***************************************************
7  PAGE / LINE / CHANGE OR CORRECTION AND REASON
8     /    /
9     /    /
10    /    /
11    /    /
12    /    /
13    /    /
14    /    /
15    /    /
16    /    /
17    /    /
18    /    /
19    /    /
20    /    /
21    /    /
22    /    /
23    /    /
24    /    /

Page 89

1  Today's Date:    July 31, 2006
2  To:              William P. Breen, Jr., Esq.
3  Copied to:       Michael Tumposky, Esq.
4                   Robert F. Sullivan, Esq.
5  From:            Maryellen Coughlin, RPR
6  Deposition of:   Joseph A. Whittemore
7  Taken:           June 1, 2006
8  Action:          Scott Rodgers vs. Correction
9                   Officer Orchid, et al
10
11      Enclosed is a copy of Mr. Whittemore's
12 deposition. Pursuant to the Rules of Civil
13 Procedure, Mr. Whittemore has thirty days to
14 sign the deposition from today's date.
15      Please have Mr. Whittemore sign the
16 enclosed signature page. If there are any
17 errors, please have him mark the page, line, and
18 error on the enclosed correction sheet. He
19 should not mark the transcript itself. This
20 addendum should be forwarded to all interested
21 parties.
22      Thank you for your cooperation in this
23 matter.
24

23 (Pages 86 to 89)