UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SCOTT RODGERS<br>    Plaintiff<br><br>V.<br><br>CORRECTION OFFICER ORCHID,<br>UNKNOWN CORRECTION OFFICER<br>JOHN DOE, JOE WHITMORE, DR.<br>HOWARD, JOHN SMITH, PLYMOUTH<br>COUNTY<br>    Defendants | CIVIL ACTION NO.:  04-11842-PBS |

**OPPOSITION OF DEFENDANT, JOHN B. HOWARD, M.D., TO PLAINTIFF SCOTT RODGERS' MOTION TO RE-OPEN CASE**

**I.     INTRODUCTION**

Defendant John B. Howard ("Dr. Howard") submits this opposition to the plaintiff's Motion to Re-Open this case, filed December 19, 2006. The plaintiff, Scott Rodgers, has requested that this Court re-open the case against Dr. Howard, pursuant to Fed.R.Civ.P. 60(a), because the case was "mistakenly reported as settled between all defendants." This statement fails to indicate where in the record this clerical error occurred, and it is factually incorrect. Dr. Howard did not participate in settlement negotiations because the court granted his motion for summary judgment on September 22, 2006, and the Court's report of settlement did not indicate that Dr. Howard had participated in the settlement negotiations among the remaining parties. (See Docket Entries dated September 22, 2006; Report of Settlement, Electronic Filing ("Filing") No. 54). After receiving the report of settlement, this Court entered a notice of dismissal of the case as to all defendants. (See Settlement Order of Dismissal, Filing No. 55). On the same day, a docket entry noted the case was terminated. (See Docket Entry dated November 14, 2006). As

Fed.R.Civ.P. 60(a) requires proof of a clerical error, the plaintiff's motion should be denied because he has failed to identify the error alleged and there was in fact no mistake made.

Although the plaintiff asserts that his motion for leave to amend the complaint remains pending, the grant of summary judgment to Dr. Howard and the subsequent dismissal of the case serve as an implied denial of that motion, because the summary judgment and dismissal are inconsistent with any intent to allow leave to amend. As with the instant motion, the plaintiff filed his motion for leave to amend the complaint without a memorandum in support, and provided no evidence, rationale, or authority to support the motion to amend. In addition, the plaintiff's motion for leave to amend the complaint was filed after Dr. Howard moved for summary judgment, in an effort to avoid the grant of summary judgment to Dr. Howard. Dr. Howard's opposition to the plaintiff's motion for leave to amend the complaint (Filing No. 50) sets forth the numerous bases upon which that motion should have been denied, including the plaintiff's failure to provide any reasons in support of allowing the motion. The Court's action in granting summary judgment to Dr. Howard and ordering dismissal of the case after the remaining parties settled indicates that the motion for leave to amend was denied for the reasons stated in Dr. Howard's opposition to that motion.

## II.     FACTUAL BACKGROUND

On August 24, 2004, the plaintiff filed the original complaint in this case, alleging claims under 42 U.S.C. § 1983, Mass G.L. c. 12, §11I, and Mass. G.L. c. 258 against Plymouth County, Massachusetts, and individual defendants, including Dr. Howard. (See Plaintiff's Complaint, Filing No. 1). The complaint generally alleged liability for inadequate medical care that occurred while the plaintiff was an inmate at the Plymouth County Correctional Facility ("PCCF"), and alleges four specific counts against the defendants. Count I alleged liability

under Massachusetts' state tort claims act, Mass. G.L. c. 258, and was against Plymouth County only; Count II alleged claims under 42 U.S.C. § 1983 against the individual defendants, including Dr. Howard, for alleged violations of the Eighth and Fourteenth Amendments to the U.S. Constitution; Count III alleged claims under 42 U.S.C. § 1983 against Plymouth County; and Count IV alleged claims under Massachusetts' civil rights act, Mass G.L. c. 12, §11I, against the individual defendants, including Dr. Howard.  (See Filing No. 1).

On September 11, 2006, Dr. Howard filed a motion for summary judgment on the claims against him, along with a motion for leave to file and to advance the hearing on the motion to September 22, 2006, the date of a previously scheduled hearing on a motion for summary judgment filed by defendants Joseph Whittemore, R.N., and Judith Orcutt.  (See Motion for Summary Judgment, Memorandum in Support, and Motion for Leave to File and to Advance Hearing, Filing Nos. 43, 44, and 45).  Dr. Howard's summary judgment motion addressed the insufficiency of the plaintiff's state and federal civil rights claims against him, and pointed out that the remaining claims, including the claim under Mass. G.L. c. 258, had been stated against Plymouth County only.  (See Memorandum in Support of Dr. Howard's Motion for Summary Judgment, Filing No. 45).  On September 16, 2006, after Dr. Howard filed his motion for summary judgment, plaintiff filed his motion for leave to amend the complaint.  (See Plaintiff's Motion to Amend Complaint, Filing No. 47).  The plaintiff filed an opposition to the summary judgment motion of defendants Whittemore and Orcutt, in which he stated that he did not oppose Dr. Howard's motion for summary judgment, and that he instead sought leave to amend the complaint.  (See Plaintiff's Opposition to Defendant Orcutt and Whittemore's Motion for Summary Judgment, Filing No. 49, page 1 n.2).

The Court granted summary judgment to Dr. Howard and Ms. Orcutt on September 22, 2006, and took the plaintiff's motion for leave to amend under advisement. (See Docket Entries dated September 22, 2006).

On November 14, 2006, the remaining parties reported that the case had been settled, and the Court entered an Order of Dismissal. (See Report of Settlement, Filing No. 54; Settlement Order of Dismissal, Filing No. 55). On the same day, a docket entry noted the case was terminated. (See Docket Entry dated November 14, 2006). On December 18, 2006, the settling parties filed a stipulation of dismissal, and on December 19, 2006, the plaintiff filed his motion to re-open the case against Dr. Howard. (See Stipulation of Dismissal, Filing No. 56; Motion to Re-open, Filing No. 57).

### III. ARGUMENT

A. THE PLAINTIFF'S MOTION TO RE-OPEN THE CASE SHOULD BE DENIED BECAUSE THE FACTS DO NOT SUPPORT A CLAIM FOR RELIEF UNDER FED.R.CIV.P. 60(a).

Fed.R.Civ.P. 60(a) allows a court to correct "[c]lerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission . . ." The rule, however, "provides a specific and very limited type of relief." In re TransTexas Gas Corp., 303 F.3d 571, 581 (5th Cir. 2002). The types of mistakes correctable under Rule 60(a) are those that are mechanical only, in which "the record makes apparent that the court intended one thing but by merely clerical mistake or oversight did another." Id. (citations omitted). Rule 60(a) does not provide an avenue for relief from actions that were deliberately taken. McNickle v. Bankers Life & Casualty Co., 888 F.2d 678, 682 (10th Cir. 1989). Moreover, in order to qualify as a clerical error, the mistake alleged must not affect a party's substantive rights. In re West Texas Marketing Corp., 12 F.3d 497, 504-505 (5th Cir. 1994). Re-opening the case at this point would

impair Dr. Howard's substantive rights by allowing reconsideration of a motion for leave to amend the complaint after the case against him was dismissed.

Furthermore, a clerical mistake must be correctable simply by correcting the mechanical mistake. There is no clerical mistake if "cerebration or research into the law or planetary excursions into facts is required" in order to determine whether relief should be granted. Id., 12 F.3d at 505. The plaintiff's motion fails to indicate the point in the record where the alleged mistake was made, and the dismissal has not been shown to be a mistake, as Dr. Howard was granted summary judgment and the case was dismissed after the remaining parties reported a settlement. The case was correctly reported as settled, and the Court correctly ordered dismissal because, as discussed below, the motion for leave to amend was infirm and correctly denied by implication.

> B.  THE PLAINTIFF'S MOTION TO RE-OPEN THE CASE SHOULD BE DENIED BECAUSE THE PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT WAS INFIRM AND WAS CORRECTLY DENIED BY IMPLICATION AFTER SUMMARY JUDGMENT WAS GRANTED TO DR. HOWARD AND THE CASE WAS ORDERED DISMISSED.

As noted, Fed.R.Civ.P. 60(a) allows relief only where a clerical mistake has been made that does not reflect the intentions of the court or the parties. The plaintiff's motion for relief indicates that his motion for leave to amend the complaint, which he filed after Dr. Howard filed his motion for summary judgment, remains pending. This assumption is incorrect, however, because the motion for leave to amend was denied by implication when the Court entered its dismissal order after granting summary judgment to Dr. Howard and after receiving the remaining parties' report of settlement. The Court's dismissal was inconsistent with any intention to allow the motion for leave to amend, and therefore the motion was denied by implication. See Daly v. Sprague, 742 F.2d 896, 899-900 (5th Cir. 1984) (finding grant of

summary judgment was so inconsistent with request for leave to amend that motion for leave was denied by implication); Davis v. United States, 961 F.2d 53, 57 n.6 (5th Cir. 1991) (motion to amend was implicitly denied by court's order disposing of case).  The implicit denial of leave to amend is particularly appropriate here, because the grant of Summary Judgment and subsequent Dismissal Order evince an intent to deny the plaintiff's unsupported motion for leave to amend.  See United States ex rel. Doe v. Dow Chemical Co., 343 F.3d 325, 330-331 and n.1 (5th Cir. 2003) (affirming implied denial of motion for leave to amend because, among other things, the motion was unsupported).

     Not only did the plaintiff fail to provide any reason or authority to support granting the motion for leave, Dr. Howard's opposition to the motion for leave provided numerous reasons to deny leave to amend.  Among other things, the plaintiff had ample opportunity to amend his complaint, and failed to do so until after Dr. Howard moved for summary judgment.  Such tactics, employed after discovery had ended and solely to avoid the grant of summary judgment to Dr. Howard, correctly resulted in denial of the motion for leave to amend.  Leave to amend a complaint should be denied when the proposed amendment is filed to prevent the grant of summary judgment, "particularly when the new claim could have been raised earlier."  Beckman v. U.S. Postal Service, 79 F.Supp.2d 394, 408 (S.D.N.Y. 2000), quoting Berman v. Parco, 986 F.Supp. 195, 217 (S.D.N.Y. 1997).

     The arguments in favor of denying the plaintiff's motion for leave to amend, stated in Dr. Howard's opposition thereto (Filing No. 50), are incorporated herein.  The Court's grant of Summary Judgment and subsequent Order of Dismissal indicate that it considered the plaintiff's motion for leave to amend and found it unsupported, infirm, and further subject to denial for all the reasons stated in Dr. Howard's opposition thereto.

## IV.     CONCLUSION

    For the foregoing reasons, Defendant John B. Howard, M.D., respectfully requests that the plaintiff's Motion to Re-Open the Case be denied. In the alternative, Dr. Howard requests that this Court re-open the case for the limited purposes of issuing a ruling that expressly denies the plaintiff's motion for leave to amend the complaint and for entry of judgment in favor of Dr. Howard.

    Respectfully submitted,

    /s/ Anthony R. Brighton
    _____
    Edward F. Mahoney (BBO No. 546436)
    Anthony R. Brighton (BBO No. 660193)
    Attorneys for Defendant,
     John B. Howard, MD
    MARTIN, MAGNUSON, MCCARTHY
     & KENNEY
    101 Merrimac Street
    Boston, Massachusetts 02114
    (617) 227-3240

**CERTIFICATE OF SERVICE**

    I, Anthony R. Brighton, counsel for defendant, John B. Howard, MD hereby certify that on the 21st day of December, 2006, I served the foregoing by electronically forwarding a copy thereof, to:

| | |
|---|---|
| Michael L. Tumposky, Esq.<br>Hrones & Garrity<br>Lewis Wharf-Bay 232<br>Boston, MA 02110-3927 | William P. Breen, Jr., Esq.<br>Eckert Seamans Cherin & Mellott, LLC<br>One International Place, 18th Floor<br>Boston, MA 02110 |
| Mark C. Gildea, Esq.<br>Clark, Balboni & Gildea<br>126 Belmont Street<br>Brockton, MA 02301 | |

    /s/ Anthony R. Brighton
_____
Edward F. Mahoney (BBO No. 546436)
Anthony R. Brighton (BBO No. 660193)
Attorneys for Defendant,
 John B. Howard, MD
Martin, Magnuson, McCarthy & Kenney
101 Merrimac Street
Boston, MA  02114
(617) 227-3240