UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SCOTT RODGERS )<br>    Plaintiff )<br> )<br>V. )<br> )<br>CORRECTION OFFICER ORCHID, )<br>UNKNOWN CORRECTION OFFICER )<br>JOHN DOE, JOE WHITMORE, DR. )<br>HOWARD, JOHN SMITH, PLYMOUTH )<br>COUNTY )<br>    Defendants ) | CIVIL ACTION NO.: 04-11842-PBS |

**OPPOSITION OF DEFENDANT, JOHN B. HOWARD, M.D., TO PLAINTIFF SCOTT RODGERS' RENEWED MOTION FOR SANCTIONS**

**I.   INTRODUCTION AND FACTUAL BACKGROUND**

Defendant John B. Howard, M.D. ("Dr. Howard") submits this opposition to the plaintiff's Renewed Motion for Sanctions, filed March 8, 2007. The plaintiff originally requested monetary sanctions against Dr. Howard for his failure to appear and testify at two depositions scheduled in June of 2006. At a hearing on August 2, 2006, with both Dr. Howard and plaintiff's counsel present, Magistrate Judge Marianne B. Bowler heard the plaintiff's motion, scheduled a date for Dr. Howard's deposition, and denied the plaintiff's motion for monetary sanctions. On September 8, 2006, Dr. Howard's deposition went forward at the office of plaintiff's counsel. Thereafter, Dr. Howard moved for summary judgment, which was granted without opposition. The Court has since dismissed the case without prejudice, and the plaintiff has renewed his motion for the monetary sanctions denied by Magistrate Bowler on August 2, 2006.

Although Magistrate Bowler denied the motion for monetary sanctions without prejudice to re-filing at the close of the case, there have been no circumstances since the August 2, 2006 hearing that would justify renewal of the motion, and the plaintiff has not identified any. The denial of sanctions at the time of the hearing indicates that the Magistrate considered such action unwarranted at that time, and that a renewed motion would be considered only if later events warranted the imposition of sanctions. However, nothing that occurred in the case since the August 2, 2006 hearing suggests that renewal of the motion is warranted, and therefore the plaintiff's motion should be denied.

## II.   ARGUMENT

   A.   THE PLAINTIFF'S MOTION TO RENEW SANCTIONS SHOULD BE DENIED BECAUSE THE FACTS DO NOT SHOW THAT ANY LATER CONDUCT BY DR. HOWARD WARRANTS RENEWAL OF THE MOTION OR THE IMPOSITION OF SANCTIONS PREVIOUSLY DENIED.

As noted, Magistrate Bowler denied the plaintiff's motion for monetary sanctions at the August 2, 2006 hearing, based upon the evidence presented at the hearing and her resolution of the matter. Dr. Howard's deposition was scheduled and conducted, and he then moved for summary judgment, which was granted without opposition due to the lack of evidence to support the plaintiff's claims.

Federal courts frequently deny motions for sanctions without prejudice to renewal, in order to ensure that parties comply with orders concerning discovery or other matters. See Amarin Plastics, Inc. v. Maryland Cup Corp., 116 F.R.D. 36, 42 (D.Mass. 1987) (motion for sanctions denied without prejudice to renewal if additional evidence discovered); Ghana Supply Comm'n v. New England Power Co., 83 F.R.D. 586, 595-596 (D.Mass. 1979) (motion for sanctions could be renewed if party did not fully answer interrogatory or comply with other orders); Schmitt v. Mulvey, 2006 WL 516755, *2 (D.Mass. March 1, 2006) (motion for

sanctions subject to renewal if plaintiff failed to comply with order). These cases show that where a motion for sanctions is denied originally, a renewed motion should also be denied if there is no evidence that a party has engaged in any later conduct that would justify renewal of the motion. Under Fed.R.Civ.P. 37(d), the court has discretion to determine whether and what sanctions to impose, and the Magistrate made that determination at the hearing on the plaintiff's original motion for sanctions. Nothing that has occurred since the date of that hearing indicates that Magistrate's Ruling should be altered, or that the sanctions previously denied should now be imposed.

Without some reason to justify renewal of the motion, Magistrate Bowler's original ruling should not be disturbed. As discussed, the plaintiff has not provided any reason to justify renewal of the motion, and no such reason is apparent. Therefore, the plaintiff's renewed motion should be denied.

### III.   CONCLUSION

For the foregoing reasons, Defendant John B. Howard, M.D., respectfully requests that the plaintiff's Renewed Motion for Sanctions be denied.

### REQUEST FOR ORAL ARGUMENT

The defendant requests oral argument on this motion, unless the Court sees fit to deny the plaintiff's motion without hearing.

4

Respectfully submitted,

/s/ Anthony R. Brighton
_____
Edward F. Mahoney (BBO No. 546436)
Anthony R. Brighton (BBO No. 660193)
Attorneys for Defendant,
 John B. Howard, MD
MARTIN, MAGNUSON, MCCARTHY
 & KENNEY
101 Merrimac Street
Boston, Massachusetts 02114
(617) 227-3240

## CERTIFICATE OF SERVICE

I, Anthony R. Brighton, counsel for defendant, John B. Howard, MD hereby certify that on the 15th day of March, 2007, I served the foregoing by electronically forwarding a copy thereof, to all registered counsel.

/s/ Anthony R. Brighton
_____
Edward F. Mahoney (BBO No. 546436)
Anthony R. Brighton (BBO No. 660193)
Attorneys for Defendant,
 John B. Howard, MD
Martin, Magnuson, McCarthy & Kenney
101 Merrimac Street
Boston, MA  02114
(617) 227-3240